UNITED STATES of America, Appellee,

v.

Edwin LUCE, Defendant, Appellant.

No. 83–1015.

United States Court of Appeals,
First Circuit.

Argued Oct. 6, 1983.

Decided Feb. 9, 1984.

Joseph B. Going, Newport, R.I., by appointment of the Court, with whom Going & Miller, Ltd., Newport, R.I., was on brief, for defendant, appellant.

James E. O'Neil, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief, for appellee.

Before CAMPBELL, Chief Judge, GIBSON,* Senior Circuit Judge, and COFFIN, Circuit Judge.

FLOYD R. GIBSON, Senior Circuit Judge.

Luce appeals his conviction on a two count indictment charging him with possessing (count I) and transferring (count II) an unregistered firearm—a .22 caliber silencer—in violation of 26 U.S.C. § 5861(d) and (e) of the National Firearms Act. Luce claims the trial judge erred in instructing the jury on the firearms counts and failing to give an entrapment instruction. We affirm.

* Of the Eighth Circuit, sitting by designation.

The evidence against Luce consisted primarily of the testimony of William Sears, who cooperated with the government in return for a reduced sentence on various federal firearms charges against him, including one for selling the unregistered silencer Luce was charged with possessing and transferring. Sears testified that he asked Luce, a formerly federally licensed firearms dealer having prior business dealings with Sears, to acquire the silencer for him. Sears' request was made at the behest of Undercover Special Agent Monteiro of the Bureau of Alcohol, Tobacco, and Firearms. Luce agreed to order a silencer, asking Sears for $200.00 to make the purchase. Sears got the needed $200.00 from Monteiro and gave it to Luce. With the money, Luce purchased an unregistered .22 caliber silencer and gave it to Sears, who then transferred it to Monteiro in return for an additional $175.00. Sears testified that in return for Luce's help in obtaining the silencer he credited Luce with $75.00 against a debt Luce owed to Sears. Monteiro provided corroborating testimony regarding the Sears-Monteiro end of the transaction; Monteiro never had any direct dealings with Luce.

Luce's defense consisted of an effort, through cross-examination of Sears and Monteiro, to show the silencer was transferred to Sears in unassembled component parts and thus did not fall within the ambit of the term "firearm" as defined by the National Firearms Act. Sears made reference to the fact that he obtained silencer parts from Luce, but, on cross-examination, he testified that Luce transferred the silencer "in one piece".

On appeal, Luce's first claim of error is that the trial court erroneously instructed the jury that:

"A silencer or a muffler for any firearm is included within the definition of a firearm under Title 26, United States Code, Section 5845.

"You may find that a device is a silencer although its parts are not assembled, if you find beyond a reasonable doubt that all of its component parts are readily available and only a brief and a minimal effort is required to assemble the complete device by reason of the nature and location of the parts."

Luce argues that only fully assembled silencers are "firearms" under 26 U.S.C. § 5845(a). Section 5845(a)(7) includes within the definition of a firearm: "a muffler or a silencer for any firearm whether or not such firearm is included within this definition." Unlike other items identified as firearms under § 5845(a) (e.g., machine guns, rifles, shotguns, destructive devices), "silencer" is not further defined in the Act. However, a regulation issued by the Bureau of Alcohol, Tobacco Product and Firearms under the Act, 27 C.F.R. § 179.11 (1983), defines a silencer as "[a]ny device for silencing or diminishing the report of any portable weapon, such as a rifle, carbine, pistol, revolver . . . ." Luce claims that the court should have instructed the jury that the unassembled component parts of a silencer do not constitute a firearm and that the government had the burden of proving beyond a reasonable doubt that Luce possessed and transferred a fully assembled silencer.**

■ We believe the trial court's instruction includes an eminently fair and reasonable interpretation of the term "silencer" as used in § 5845(a)(7). Other courts have noted that a device requiring minor modifications to reduce the noise level of a gun fall within the purview of the term "silencer". *See United States v. Burgard*, 551 F.2d 190, 195 (8th Cir.1977); *United States v. Brown*, 438 F.Supp. 1002 (D.Conn.1977). Though § 5845(a) does not expressly define

---

** In his brief, Luce appears to argue that the government was also required to prove that the unregistered silencer was "made" by Luce prior to or during the time he was alleged to have possessed or transferred it. However, as made clear during oral argument, if the unassembled component parts constituted a silencer, then it would make no difference whether Luce was the "maker" of the silencer to establish liability under § 5861(d) and (e). *See United States v. Palmer*, 435 F.2d 653, 655–656 (1st Cir.1970) ("[§ 5861(d) ] reaches *any* person in possession of a registrable [firearm] if he is not himself the registered owner.")

"silencer" to include component parts of a silencer that are "readily available [and assembled] with only a brief and minimal effort," we agree with the district court that Congress clearly intended this common sense interpretation. The National Firearms Act was designed to regulate the manufacture, possession, and transfer of "modern and lethal weapons ... [that] could be used readily and efficiently by criminals or gangsters". H.R.Rep. No. 1337, 83rd Cong., 2d Sess., (1954) *reprinted in* 1954 U.S.Code Cong. & Ad.News 4025, 4542. A person of common intelligence would recognize that a readily and easily assembled silencer serves no innocent purpose but is designed to facilitate the killing of another or to effectuate some other pernicious purpose by reducing the noise level of a fired weapon. *See United States v. Thomas,* 567 F.2d 299, 300–01 (5th Cir.1978). Under Luce's interpretation, a person could legally carry a silencer in two unassembled parts even though the two parts could be joined together within a few seconds and used to silence a lethal weapon. This would clearly frustrate Congress' intent to control the use of "gangster-type" devices.

Further, there was sufficient evidence from which the jury could find that the component parts of the silencer were readily available to Luce and that only a minimal effort was required to assemble them. In addition to Sears' testimony regarding the condition of the silencer when he received it from Luce, the jury had the opportunity to observe the quickness and ease with which the silencer could be taken apart and put back together.

■ Luce secondly claims that the trial court erred in failing to give a requested jury instruction on the defense of entrapment. He contends that there was sufficient evidence of entrapment to require a submission of that issue to the jury. "Entrapment occurs when the offense for which a defendant is being prosecuted was instigated by law-enforcement officers and the defendant had no previous disposition to commit it." *United States v. Imbruglia,* 617 F.2d 1, 5–6 (1st Cir.1980), *quoting Unit-*

*ed States v. Caron,* 588 F.2d 851 n. 3 (1st Cir.1978). However, before an entrapment issue is submitted to the jury, the defendant must first show, through government witnesses or otherwise, "some evidence tending to show unreadiness". *Kadis v. United States,* 373 F.2d 370, 374 (1st Cir. 1967); *Tzimopoulos v. United States,* 554 F.2d 1216, 1217 (1st Cir.), *cert. denied* 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). "Some evidence ... need not be so substantial as to require, if uncontroverted a directed verdict of acquittal, ... but it must be more than a mere scintilla." *Kadis,* 373 F.2d at 374.

■ There was insufficient evidence that Luce was unready to commit the offense, or that he was corrupted by the actions of the government agents. *See Tzimopoulos,* 554 F.2d at 1217. Agent Monteiro neither met with nor knew of Luce during the time Sears dealt with Luce. It was only after Sears was charged with federal firearms violations, including a charge for selling the silencer in question, that he identified Luce as the source of the silencer. Sears did ask Luce to obtain a silencer, but this amounted to mere solicitation, not entrapment. *See Kadis,* 373 F.2d at 372–73. And Luce received the $200.00 in response to his own demand. Thus, at most, the $200.00 provided by the government agent merely afforded Luce with the opportunity to commit an offense he was not otherwise unready to commit. *See United States v. Fera,* 616 F.2d 590, 596 (1st Cir.1980). The district court did not err in refusing to submit the entrapment issue to the jury.

*Affirmed.*