**UNITED STATES of America, Appellee,**

v.

**Hector ESPINAL, Defendant, Appellant.**

**No. 84–1822.**

United States Court of Appeals,
First Circuit.

Argued Feb. 4, 1985.
Decided March 19, 1985.

Robert D. Watt, Jr., Providence, R.I., for defendant, appellant.

James H. Leavy, Asst. U.S. Atty., Providence, R.I., with whom Lincoln C. Almond, U.S. Atty., Providence, R.I., was on brief for appellee.

Before BREYER, ALDRICH and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

On April 25, 1984 a Federal Grand Jury returned a two-count indictment charging Hector Espinal (appellant) with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). His defense was that of entrapment. A jury found him guilty on one of the counts and, thereafter, he received a two-year suspended sentence with a two-year probation, a special parole term of five years and a fine of $2,100. The issues

presented here are: (1) whether the district court erred in excluding extrinsic evidence aimed at establishing prior misconduct by a witness; (2) whether it erred in refusing to give three requested instructions related to appellant's defense of entrapment; and (3) whether it erred in refusing to grant defendant's motion for judgment of acquittal. For the reasons set forth below, we affirm the district court.

## I

During the cross examination of Michael Abreu, a government informant and witness, appellant asked him whether he had ever used a different name, to which Abreu responded in the negative. Appellant then requested an order from the court for the production of a handwriting sample for the purpose of establishing, with the aid of a handwriting expert, that Abreu had in fact used an alias in the filing of income tax returns. The government objected to this procedure as being in contravention to Fed. R.Evid. 608,[1] which precludes the introduction of extrinsic evidence to impeach a witness. The objection was sustained by the trial court.

 Were we to add anything to this eminently correct ruling, *Tigges v. Cataldo*, 611 F.2d 936, 938 (1st Cir.1979), *Wiseman v. Reposa*, 463 F.2d 226 (1st Cir.1972), it would be to say that even if the ruling was erroneous, as claimed by appellant, the error would not bring about reversal because it was harmless. Abreu had already testified about his lengthy criminal record, which included convictions for counterfeiting, larceny of a motor vehicle, and obtaining money under false pretenses. In addition, he admitted that, as a result of his cooperation with the government, an indictment charging him with the preparation of false immigration papers had been dismissed. Abreu also testified that he was paid a total of $8,100 by the government in exchange for his cooperation in the investigations of appellant and others. Finally,

also during the course of his testimony, he further admitted to other crimes for which he had not been charged. More than enough evidence was presented to the jury to assess Abreu's pattern of dubious behavior.

Thus, assuming, *arguendo*, that it was an error to exclude the handwriting samples and the testimony of the handwriting expert, it was a harmless in light of the thorough examination to which Abreu was subjected concerning his prior criminal record and acts of misconduct.

## II

Appellant claims various errors regarding jury instructions, all of which are related to his defense of entrapment.

Appellant first claims error in the district court's refusal to instruct the jury on inducement. The requested instruction reads as follows:

> Inducement is simply the soliciting, proposing, initiating, breaching or suggesting the commission of the offense charged.

 This instruction, which is based on Judge Learned Hand's decision in *United States v. Sherman*, 200 F.2d 880, 883 (2d Cir.1952), has not been followed, and in fact has been modified by the Second Circuit since its issuance. *See United States v. Riley*, 363 F.2d 955 (2d Cir.1966). As has been clearly stated by this Court, "consideration of inducement as a separate issue serves no useful purpose and we believe [such an approach] to be a mistake." *Kadis v. United States*, 373 F.2d 370, 373 (1st Cir.1967). Solicitation and inducement are not the same thing. *United States v. Luce*, 726 F.2d 47, 49 (1st Cir.1984). If a defendant can show that a government agent corrupted him, the government then has the burden of disproving entrapment. But simple evidence of solicitation by any agent does not create that governmental burden. The defendant must show evi-

---

1. Fed.R.Evid. 608(b):

 Specific instances of the conduct of a witness, for the purpose of attacking ... his credibility, other than conviction of a crime as provided in rule 609, may not be proved by extrinsic evidence.

dence tending to show unreadiness to commit the crime with which he is charged. *Kadis v. United States, supra,* 373 F.2d at 374; *United States v. Kakley,* 741 F.2d 1, 3 (1st Cir.1984); *United States v. Fera,* 616 F.2d 590, 596 (1st Cir.1980). Thus, the district court properly rejected appellant's request.

Appellant also claims error in the district court's failure to give the following instruction:

Unless the government had a reasonable suspicion that the defendant was already engaged in activities involving the crime committed, the defendant should and must be acquitted.

■ Appellant's request, however, is unsupported by legal precedent. Indeed, we rejected a similar contention in *Kadis v. United States, supra.* The defendant in that case argued that where the police lacked knowledge of any predisposition on the accused's part to commit a crime, any act on the part of the government that induced the accused to commit a crime constituted entrapment. Accordingly, he argued, no inducement of any kind was justified unless the police had prior grounds warranting the initiation of their activity. 373 F.2d at 373. This is precisely the argument made by appellant in the instant case. We refused to adopt that position in *Kadis,* and, likewise, refuse to do so here. *See also Whiting v. United States,* 321 F.2d 72, 76–77 (1st Cir.), *cert. denied,* 375 U.S. 884, 84 S.Ct. 158, 11 L.Ed.2d 114 (1963).

Lastly, appellant contends that the district court committed error in giving the jury the following charge:

The defendant, Hector Espinal, asserts that he was a victim of entrapment as to the crimes charged in the indictment. Where a person has no previous intent or purpose to violate the law, but is induced or persuaded by law enforcement officers or their agents to commit a crime, he is a victim of entrapment and the law as a matter of policy forbids his conviction in such a case.

If the evidence in the case should leave you with a reasonable doubt whether the defendant had the previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some officer or agent of the Government, then it is your duty to acquit him.

■ In fact, this charge was requested by appellant and given verbatim by the court. When a charge is given as requested by counsel, the defects, if any, must rise to the level of plain error affecting substantial rights in order to justify reversal. *See United States v. Guidice,* 425 F.2d 886, 889 (2d Cir.), *cert. denied,* 400 U.S. 842, 91 S.Ct. 85, 27 L.Ed.2d 77 (1970). We must, therefore, treat appellant's claim as one of plain error. *Cf. United States v. Jarabek,* 726 F.2d 889, 903 (1st Cir.1984).

■ Espinal's claim of error focuses on the district court's failure to instruct the jury in terms of intent to violate the specific law under which he was being prosecuted. This claim is meritless. The district court clearly made reference to "the crimes charged in the indictment"; thus, it did not err when giving the jury the above-noted charge.

### III

Appellant's last claim of error is that the court improperly denied his motion for a judgment of acquittal. An appellate court's review of a trial judge's denial of a motion for judgment of acquittal is very limited. *United States v. Thornley,* 707 F.2d 622, 625 (1st Cir.1983); *United States v. Cincotta,* 689 F.2d 238, 241 (1st Cir. 1982). We "must determine whether a rational jury drawing reasonable inferences ... from the evidence viewed in the light most favorable to the government ... could have found guilt beyond a reasonable doubt." *United States v. Lamare,* 711 F.2d 3, 5 (1st Cir.1983).

In the light most favorable to the government, the jury could reasonably have found that it was the appellant who approached Abreu and offered to supply Abreu with cocaine. As a result of the appellant's solicitation, arrangements were

made for appellant to sell one ounce of cocaine to a special agent of the Drug Enforcement Administration (DEA) on April 7, 1984. On that date appellant sold one ounce of cocaine to the DEA agent, and the agent and appellant negotiated for a future sale of four ounces of cocaine. That second sale occurred on April 17, 1984 at which time Espinal delivered to the DEA agent four ounces of cocaine for which appellant expected to receive $5,000.

In the light most favorable to the government, the evidence and reasonable inferences drawn from it properly permitted a rational fact finder to conclude that Espinal was not the victim of entrapment and was, moreover, guilty of the offense charged. Accordingly, the motion for judgment of acquittal was properly denied.

*Affirmed.*