**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Dean A. EVANS and Eric K. Johnson,**
**Defendants–Appellants.**

**Nos. 90–1491, 90–1492.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 11, 1991.

Decided Feb. 11, 1991.

Richard N. Cox, Asst. U.S. Atty., Danville, Ill., for U.S.

Gary F. Geisler, Geisler, Waks & Geisler, Decatur, Ill., for Dean A. Evans.

Bruce G. Ratcliffe, Urbana, Ill., for Eric K. Johnson.

Before CUMMINGS, POSNER, and FLAUM, Circuit Judges.

POSNER, Circuit Judge.

■ The defendants were convicted of federal drug violations by a jury, and sentenced to 97 months (Evans) and 51 months (Johnson) in prison. Johnson's only challenge is to his sentence, which he argues was disproportionately long, compared to Evans's. It is true that he received the shorter sentence, but he was acquitted of two counts of which Evans was convicted; on the one count of which they were both convicted he received 51 months and Evans only 37. The government points out correctly that Johnson does not contend that the district judge misapplied the Sentencing Guidelines, but from this infers incorrectly that we have no jurisdiction over his appeal. Misapplication of the Guidelines is only one basis for the appeal of a criminal sentence. 18 U.S.C. § 3742(a)(2). Another is that the sentence was "imposed in violation of law." § 3742(a)(1). Johnson contends, though inartfully, that the disproportion in sentences violates the Eighth Amendment. If he is right, his sentence was imposed in violation of law. Of course, he is not right, but this is a judgment on the merits, not anything to do with our appellate jurisdiction.

■ The only point that requires extended discussion is Evans's contention that the district judge should have given the jury an instruction on entrapment. Evans is quite right that if the evidence was such that a rational jury could have inferred that he was entrapped into committing the crime of which he was convicted, he was entitled to present the defense of entrapment to the jury. *Mathews v. United States*, 485 U.S. 58, 63, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988).

■ A high school classmate of Evans, who was working as a government informant and who believed Evans to be a drug dealer, approached Evans (who was managing a furniture store) and asked him whether he was interested in buying a large quantity of marijuana. According to the informant, he was, and a month later Evans produced $20,000 in cash to buy one hundred pounds of marijuana—at which point he was arrested. According to Evans's testimony, he was a purchaser of marijuana for personal use, not a dealer, was reluctant to become a dealer, and rebuffed the informant's solicitations the first five times that the informant visited him at the store. (He also testified, contrary to the informant, that the first visit took place three months, not one month, before the arrest.) Finally on the sixth visit he yielded and he admits that from then on he was a willing participant in the scheme to buy a large quantity of marijuana. But he insists that the defense of entrapment does not require that the defendant have been reluctant throughout the entire course of the criminal conduct. He is right. If he was indeed entrapped, it is irrelevant that the entrapment was so effective as to make him not only a willing but an eager participant, *United States v. Rodriguez*, 858 F.2d 809, 816 (1st Cir.1988), just as, in the converse case, second thoughts following initial enthusiasm do not establish entrapment. *United States v. Marren*, 890 F.2d 924, 931 (7th Cir.1989).

■ The weakness in Evans's position is his belief that the defense of entrapment requires only that the defendant have been induced, in the sense of successfully solicited, by a government agent to commit the crime and that he have yielded to the solicitation with reluctance. That is an eccentric formulation. As usually formulated, the defense requires the defendant to prove that he was (1) induced by someone working for or on behalf of the government to commit a crime that he was (2) not predisposed to commit. *Mathews v. United States, supra,* 485 U.S. at 63, 108 S.Ct. at 886; *United States v. Marren, supra,* 890 F.2d at 929; *United States v. Manzella,* 791 F.2d 1263, 1269 (7th Cir.1986). The First Circuit doesn't like the "inducement" part of the formula and has reformulated the defense as the single question whether the government corrupted the defendant. *Kadis v. United States*, 373 F.2d 370, 373 (1st Cir.1967); see also *United States v. Espinal,* 757 F.2d 423 (1st Cir.1985). The

Supreme Court's decision in *United States v. Russell*, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366 (1973), while giving lip service to the proposition that "the principal element in the defense of entrapment [is] the defendant's predisposition to commit the crime," *id.* at 433, 93 S.Ct. at 1643, seems to reformulate the defense as the single question whether the defendant was induced. *Id.* at 433–35, 93 S.Ct. at 1643–45. Most of the recent cases require proof of both inducement—but in the sense merely of successful solicitation—and lack of predisposition. Some cases, it is true, say that "solicitation and inducement are not the same thing." *United States v. Espinal, supra,* 757 F.2d at 425; *United States v. Kelly,* 748 F.2d 691, 698 (D.C.Cir.1984). But they mean either that solicitation is not entrapment, *United States v. Luce,* 726 F.2d 47, 49 (1st Cir.1984), or that solicitation that fails to induce is not inducement. Or else as in *Russell* they expand "inducement" to make it synonymous with entrapment. *Espinal* seems to illustrate the first interpretation, *Kelly* the third.

■■■ All this suggests a certain semantic disarray. But when we go behind words to policy, we can see that something like predisposition, in the sense of inordinate willingness to participate in criminal activity, must be the key inquiry, though as a verbal matter it could be folded into inducement viewed as the government's really having *caused,* in some rich sense, the criminal activity to occur, as distinct from merely providing a convenient occasion for it to occur. Cf. *United States v. Kelly, supra,* 748 F.2d at 697–698. The centrality of predisposition can be seen by considering the purpose of the doctrine of entrapment. It is to prevent the police from turning a law-abiding person into a criminal. *Mathews v. United States, supra,* 485 U.S. at 63, 108 S.Ct. at 886. A law-abiding person is one who resists the temptations, which abound in our society today, to commit crimes. Such a person can be induced to commit a crime only by grave threats, by fraud (the police might persuade him that the act they want him to commit is not criminal), or, in the usual case in which entrapment is pleaded, by extraordinary

promises—the sorts of promises that would blind the ordinary person to his legal duties. *United States v. Manzella, supra,* 791 F.2d at 1269; *United States v. Kelly, supra,* 748 F.2d at 698; *United States v. Kaminski,* 703 F.2d 1004, 1010 (7th Cir. 1983) (concurring opinion). (There is an analogy to the principle that a confession can be rendered involuntary by either threats or promises.) So if the police offered a derelict $100,000 to commit a minor crime that he wouldn't have dreamed of committing for the usual gain that such a crime could be expected to yield, and he accepted the offer and committed the crime, that would be entrapment.

■■■ Evans was persuaded to commit the crime in this case by police solicitation, so the question becomes whether the police employed tactics calculated to overcome the reluctance of a law-abiding citizen—a citizen who is not predisposed, not inordinately willing, not poised and ready (the exact formulation does not matter), to engage in criminal activity. The police did not offer Evans a cent. They offered him a source of supply, in wholesale quantities, at market prices. They offered him, in other words, an opportunity to enter the drug trade (assuming improbably that he was not already in it, as the informant suspected) on the usual terms. A person who takes advantage of an ordinary opportunity to commit criminal acts—not an extraordinary opportunity, the sort of thing that might entice an otherwise law-abiding person—is not entrapped. Such a person is predisposed to crime in the sense that the ordinary profits of crime are incentive enough to him to commit crimes; he is ready and waiting; all that is wanting is the opportunity. It is a detail that the police create the opportunity before a real drug dealer does. They do it in order to make it easy to catch the person. Given Evans's propensities, it is probable that if the informant had not offered Evans a chance to buy marijuana in bulk, someone else would have done so, and that Evans would have accepted the offer in circumstances making the detection of the crime and the arrest and prosecution of Evans

unlikely. The fact that he may not have jumped at the chance—that he may therefore have been willing rather than eager to commit the crime that the government solicited him to commit—does not by itself establish lack of criminal predisposition. Yet it is the only fact to which he appeals as evidence on this essential issue.

Probably the caution, the hesitation, that Evans showed (always assuming that his testimony is believed) were just simple prudence in an illegal activity. It was also prudent of him to show up heavily armed at the rendezvous at which he was to turn over the $20,000 and receive in exchange the marijuana. Our explanation for his hesitation may be debatable, but at most— giving him the benefit of every favorable inference possible—that initial hesitation was a sting of conscience too quickly pulled to allow a reasonable jury to conclude that Evans lacked criminal predisposition. It is no doubt unfortunate that issues of disposition and character should be injected into a criminal case, but we do not see how else the defense of entrapment can be kept within the bounds indicated by its rationale.

When a person accepts a criminal offer without being offered extraordinary inducements, he demonstrates his predisposition to commit the type of crime involved. That is this case. Even if we credit all of Evans's testimony, an essential element of the entrapment defense is missing. Hesitation alone cannot create a jury question. The defense was properly withheld from the jury.

AFFIRMED.