958 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Sara Lee BOLING, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
James F. RAY, Defendant-Appellant.
 Nos. 90-10599, 90-10602.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1992.
Decided March 19, 1992.
 
 Before CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges and BURNS, District Judge*
 MEMORANDUM**
 Appellant Ray appeals his convictions for conspiracy to possess with intent to distribute 100 grams of methamphetamine and distribution of 3.4 grams of methamphetamine and 100 grams of methamphetamine under 21 U.S.C. § 841(a)(1) and section 846. Ray claims that his convictions should be reversed because the district court erred in failing to find that he was entrapped as a matter of law. Alternatively, he argues that there is insufficient evidence to support his convictions as he demonstrated that he had been entrapped. Ray also claims that the government committed outrageous misconduct in the case, thereby requiring a reversal of his convictions. Appellant Boling appeals the application in her case of the ten year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Boling argues that the government may not use the net weight of pure methamphetamine contained in a mixture to establish the applicability of section 841(b)(1)(A). We have jurisdiction over this timely appeal under 28 U.S.C. § 1291. We affirm.
 DISCUSSION
 I. ENTRAPMENT AS A MATTER OF LAW
 The issue of whether there was entrapment as a matter of law is by definition a question of law which is reviewed de novo. United States v. McConney, 728 F.2d 1195, 1201 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984). In order for entrapment to exist as a matter of law, "there must be undisputed testimony making it patently clear that an otherwise innocent person was induced to commit the act complained of by trickery, persuasion, or fraud of a government agent." United States v. Hsieh Hui Mei Chen, 754 F.2d 817, 821 (9th Cir.1985). The court stated that the "controlling question on review is whether the defendant lacks the predisposition to commit the act." Id.
 This circuit has identified five factors to be considered in determining whether a defendant was predisposed to commit a crime. United States v. Bonnano, 852 F.2d 434, 438 (9th Cir.1988), cert. denied, 488 U.S. 1016 (1989). These factors are (1) the defendant's character or reputation; (2) whether the government made the initial suggestion of criminal activity; (3) whether the defendant engaged in the activity for profit; (4) the nature of the government's inducement; and most importantly, (5) whether the defendant showed any reluctance to commit the criminal act. Id. In this circuit the most important factor is whether the defendant showed reluctance to commit the criminal act. Id.; see also United States v. Citro, 842 F.2d 1149, 1151-52 (9th Cir.1988); United States v. Reynoso-Ulloa, 548 F.2d 1329, 1341 (9th Cir.1977), cert. denied, 436 U.S. 926 (1978).
 An examination of these five factors clearly indicates that there was no entrapment as a matter of law. The record reveals that the evidence on the issue of Ray's predisposition to commit the crime was disputed. The only undisputed testimony in the case supporting the entrapment claim is that it was the government agent who made the initial suggestion of criminal activity. However, looking to the other factors, there is ample evidence to dispute the entrapment claim. It is undisputed that Ray had a previous history of narcotics violations. It is also undisputed that Ray was engaging in the criminal activity in order to make a profit. Ray himself testified that he participated in order to obtain the money necessary to hire a good lawyer to prosecute his appeal on other drug-related convictions. Finally, it is likewise undisputed that the defendant put on no evidence that he was at all reluctant to engage in the criminal activity suggested by the government agent. In fact, there is ample evidence in the record to suggest that Ray willingly and without reservation participated in the criminal activity. Therefore, Ray was not entrapped as a matter of law.
 II. ENTRAPMENT--SUFFICIENCY OF THE EVIDENCE
 In reviewing the sufficiency of the evidence with respect to a jury's rejection of an entrapment defense, a court must "view the evidence in the light most favorable to the government and decide if any rational trier of fact could have found the elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Bonnano, 852 F.2d 434, 438 (9th Cir.1988).
 The defense of entrapment has two elements. The government must induce the crime and the defendant must not have a predisposition to commit the crime. Matthews v. United States, 485 U.S. 58, 62-63 (1988). For the defense to prevail on appeal, the jury's findings on both elements must be erroneous.
 Government Inducement
 It is undisputed that the initial suggestion of criminal activity came from the government agent, Sawaya. However, proof of mere solicitation is not sufficient to prove inducement by the government. United States v. Reynoso-Ulloa, 548 F.2d 1329, 1336 n. 10 (9th Cir.1977), cert. denied, 436 U.S. 926 (1978). Likewise, simply providing the opportunity to commit the crime does not give rise to inducement. Sorrells v. United States, 287 U.S. 435, 451 (1932). The government will be said to have induced a person to commit a crime only where the government's actions were such that a "law-abiding citizen's will to obey the law could have been overborne." United States v. Kelly, 748 F.2d 691, 698 (D.C.Cir.1984). Inducement is established only by a showing of "grave threats, ... fraud, [or] ... extraordinary promises--the sorts of promises that would blind an ordinary person to his legal duties." United States v. Evans, 924 F.2d 714, 717 (7th Cir.1991).
 There was sufficient evidence to support a jury finding that Ray was not induced to commit the crime by the government agent, Sawaya. The only promises which Sawaya made were that he would ask his attorney, a noted defense attorney, to take over Ray's appeal and that the drug transaction would provide sufficient funds in order to hire that attorney. These are not the sort of extraordinary promises which would have overborne the will of an ordinary person to obey the law. Undisputed evidence shows that Ray already had an attorney prosecuting his appeal. Thus, even if the need for an attorney to prosecute an appeal could be found to be critical in some cases, there was no such critical need demonstrated in this case. Thus, viewing the evidence in a light most favorable to the government, a jury could reasonably have found that Ray was not induced to commit the crimes by the government agent.
 Defendant's Predisposition
 There was also sufficient evidence for the jury to have found that Ray was predisposed to commit the crime. A defendant is not entrapped where he is predisposed to commit the crime. Hampton v. United States, 425 U.S. 484, 488-89 (1976) (plurality opinion). The issue of predisposition focuses on whether the defendant was an "unwary innocent" who was induced to commit a crime he would not otherwise have committed, or an "unwary criminal" who simply took advantage of the opportunity to commit a crime that he was predisposed to commit. Sherman v. United States, 356 U.S. 369, 372 (1958). As noted above, an examination of the five factors utilized in the Ninth Circuit to determine whether a defendant was predisposed to commit a crime reveals that there was ample evidence to support a finding that Ray was an "unwary criminal" who simply took advantage of the opportunity Sawaya offered to commit the crimes at issue. Ray had a prior history of drug-related offenses. Ray was to receive monetary profit for his participation in the scheme. The promises of the government agent were not extraordinary and Ray demonstrated no reluctance to participate in the scheme. Thus, viewing the evidence in a light most favorable to the government, a reasonable jury could find that Ray was predisposed to commit the crimes.
 III. OUTRAGEOUS MISCONDUCT
 The issue of whether government misconduct violates notions of constitutional due process is a question of law which is reviewed de novo. United States v. Wylie, 625 F.2d 1371, 1378 (9th Cir.1980), cert. denied, 449 U.S. 1080 (1981). As a defense, government misconduct is a close relative of entrapment and has been applied where the involvement of the government in the criminal activity "reach[es] such proportions as to bar conviction of a predisposed defendant as a matter of due process." Hampton v. United States, 425 U.S. 484, 493 (1976) (Powell, J., concurring).
 
 
 1
 The due process defense, while potentially broad, is in fact extremely limited. See United States v. Bagnariol, 665 F.2d 877, 881-83 (9th Cir.1981), cert. denied, 456 U.S. 962 (1982) (tracing the development of the doctrine in this circuit as well as in the Supreme Court). Prosecution is barred only when the law enforcement conduct is "so grossly shocking and so outrageous as to violate the universal sense of justice." Id. at 882. The Supreme Court has never reversed a criminal conviction on this ground. See United States v. Russell, 411 U.S. 423 (1973); United States v. Ramirez, 710 F.2d 535, 539 (9th Cir.1983). Only twice have circuit courts reversed a criminal conviction on this ground. United States v. Ramirez, 710 F.2d 535, 540 (9th Cir.1983). In each of those cases, the police engineered new crimes for the sole purpose of prosecuting the defendants. Id.
 
 
 2
 Ray claims that the government committed outrageous misconduct by its utilization of Sawaya, a noted con man, as a confidential informant. The use of confidential informants or undercover agents is standard procedure for law enforcement agencies and does not raise due process concerns. See United States v. Ramirez, 710 F.2d at 541 (the government may use artifice and deception to uncover evidence of criminal activity); see also id. (undercover police officers may supply contraband to a suspect to gain his confidence); United States v. Wylie, 625 F.2d at 1378 (government agents may use informants and pay them). While it is true that Sawaya approached Ray with the scheme of selling methamphetamine in order to raise money for the attorney's fee, we cannot say that this conduct violates due process. This conduct is not "so grossly shocking and so outrageous as to violate the universal sense of justice." Ramirez, 710 F.2d at 539. Thus, the use of the confidential informant in this case did not violate Ray's due process rights.
 
 IV. SENTENCING UNDER SECTION 841(b)(1)(A)
 
 3
 The legality of the sentence challenged here is reviewed de novo. United States v. Ruiz, 935 F.2d 1033, 1035 (9th Cir.1991). Boling argues that the district court erred in sentencing her under section 841(b)(1)(A). Boling claims that under a correct interpretation of the statute she did not possess sufficient methamphetamine to trigger the ten year mandatory minimum sentence.
 
 
 4
 This precise issue has been addressed by this court in United States v. Alfeche, 942 F.2d 697 (9th Cir.1991). In Alfeche, the defendant claimed that section 841(b)(1)(A) does not allow the government to use the net pure weight of methamphetamine in a mixture to establish a crime involving a net amount of 100 grams of pure methamphetamine. The court rejected the defendants' construction of section 841(b)(1)(A) noting that it could lead to absurd results. The court found that section 841(b)(1)(A) requires a ten year mandatory minimum sentence for crimes involving "either a net amount of 100 grams of methamphetamine hydrochloride [pure methamphetamine] or 1000 grams of a methamphetamine mixture." Id. at 699. Thus, the district court did not err in sentencing Boling under section 841(b)(1)(A).
 
 
 5
 The decision of the district court is hereby AFFIRMED.
 
 
 
 *
 Hon. James M. Burns, Senior United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3