UNITED STATES of America

v.

**Salvatore Dominic PICCOLO**

**Cr. No. 91–619–1.**
**Civil No. 99–4717.**

United States District Court,
E.D. Pennsylvania.

Feb. 2, 2001.

marks & Unfair Competition, § 27:5A at 250–51 (1973) (footnotes omitted).

## MEMORANDUM OPINION

ROBERT F. KELLY, District Judge.

Presently before the Court is a Motion to Vacate, Set Aside or Correct Salvatore Piccolo's sentence pursuant to 28 U.S.C. § 2255.

### Statement of Facts [1]

In the summer of 1991, three inmates at FCI Leavenworth, Salvatore Wayne Grande ("Grande"), Oreste "Ernie" Abbamonte ("Abbamonte"), and Victor "Rocky" Soto ("Soto"), approached another inmate at the prison and stated that they were interested in finding a source who could supply them with cocaine. The inmate, who was cooperating with the FBI, provided the telephone number of an FBI undercover agent in Oklahoma City, Oklahoma who he said was a major cocaine trafficker. Grande then contacted his brother-in-law, Piccolo, and provided him with the number. After several conversations with Piccolo, the agent agreed to travel to Philadelphia to complete the sale of twenty kilograms of cocaine in two ten-kilogram installments.

On August 15, 1991, Piccolo arrived at the agent's hotel room with $25,000 in cash to be used as a deposit for the first ten-kilograms of cocaine. The agent refused to complete the transaction for that amount and Piccolo agreed to return with more money. Piccolo was later observed by other FBI agents visiting several known loan sharking locations in the Philadelphia area. Piccolo returned to the agent's room with $70,000 in cash for the ten-kilograms of cocaine and was arrested when he left the room with the cocaine. Upon his arrest, the agents found a loaded 9 millimeter pistol tucked into the waistband of Piccolo's pants.

On November 18, 1991, Piccolo plead guilty to two separate criminal informations, each containing one count. The first information [2] charged Piccolo with conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 846. The second information charged him with using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). On March 6, 1992, Piccolo was sentenced to the statutory minimum period of imprisonment of fifteen years.[3]

### Piccolo's First § 2255 Petition

On May 9, 1996, Piccolo, represented by privately retained counsel Cheryl Sturm, filed a petition pursuant to 28 U.S.C. § 2255 claiming: (1) that under the Supreme Court's holding in *Bailey v. United*

---

1. The Statement of Facts is taken from the Memorandum filed under the above captioned on August 29, 1996.

2. The first information was originally filed in the Western District of Oklahoma and subsequently transferred to the Eastern District of Pennsylvania.

3. This sentence consisted of the mandatory minimum sentence of ten years for the drug conspiracy count and the mandatory consecutive sentence of five years for the firearms count.

*States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), he was improperly convicted on the firearm count because there was no evidence of "active deployment of the weapon"; (2) that Salvatore Wayne Grande was actually a government informant and therefore not a co-conspirator with Piccolo; and (3) that Piccolo was entitled to be resentenced because the Court failed to advise him at the sentencing hearing of his right to appeal the sentence as required by Fed.R.Crim.P. 32(a)(2) (renamed Rule 32(c)(5) in 1994).

On August 30, 1996, the Court entered a Memorandum Opinion rejecting as meritless Piccolo's first two claims, but finding that the Court had not advised Piccolo of his appellate rights at sentencing as required by Fed.R.Crim.P. 32(a)(2). (Exhibit C to Government's Response to Defendant's Second Motion Pursuant to 28 U.S.C. § 2255).

### The Resentencing

On September 30, 1996, a hearing was held in order to advise Mr. Piccolo of his appellate rights and to resentence him. At the hearing, counsel for Mr. Piccolo challenged facts to which Mr. Piccolo had already agreed at the initial sentencing hearing and advanced new legal arguments. Counsel for Mr. Piccolo also argued that a new presentence investigation report should be prepared and requested a *de novo* resentencing hearing. At that point, the Court asked for briefs from the parties on the issues raised and rescheduled the sentencing hearing for December 6, 1996. At that time we denied Piccolo's motion for a new presentence investigation report and for *de novo* resentencing.

Piccolo was re-sentenced under the 1996 version of the Guidelines. The only change in the Guidelines which applied to Piccolo's sentence was the Amendment entitling him to a reduction of three (3) levels rather than two (2) levels for acceptance of responsibility. The one level additional reduction had no impact on the sentence because the statutory minimum period of incarceration exceeded the guideline range. The Court then reimposed the same sentence that Piccolo had received earlier and advised him of his right to appeal the sentence.

Piccolo's attorney filed an appeal from the § 2255 decision and the resentencing arguing: (1) that this Court erred in not granting him a *de novo* resentencing hearing in order that he might present evidence of "sentencing entrapment" pursuant to U.S.S.G. § 2D1.1. comment. n. 15, demonstrating that the FBI undercover agent quoted him an artificially low price for the 20 kilograms of cocaine; (2) that this Court erred in not allowing Piccolo to withdraw his guilty plea for "using and carrying a firearm during and in relation to" a drug crime, in violation of 18 U.S.C. § 924(c); and (3) that this court erred by not granting Piccolo an evidentiary hearing for the purpose of determining whether he would have chosen to enter a guilty plea to the § 924(c) offense in view of the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995).

On September 18, 1997, the Court of Appeals issued a Memorandum Opinion affirming the Judgement of Sentence entered by this court on December 6, 1996 and rejecting all of Piccolo's claims. On April 30, 1999, Piccolo filed a *pro se* motion pursuant to 28 U.S.C. § 2255, which was docketed as Civil No. 98–6617. On July 7, 1999, this court determined that Piccolo's motion was a "second or successive" motion within the meaning of the Statute and ordered the motion transferred to the Court of Appeals for treatment as a petition for certification to file a second or successive motion pursuant to Section 2255.

The Appellate Court determined that it was not a "second or successive" motion and upon its return to this court, the § 2255 motion was reassigned the new Civil No. 99–4717.

*Claims Raised in the Pending
§ 2255 Motion*

In the pending motion, Piccolo argues that his attorney was ineffective in the following respects: (1) his attorney failed to advise him that if he chose to go to trial and presented an entrapment defense, he still might be eligible for a two-point reduction for acceptance of responsibility; (2) his attorney failed to argue that he never "used" the firearm that he carried to the drug deal and that he was entitled to relief pursuant to *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995); (3) his attorney's ineffectiveness rendered his guilty plea less than "knowing, intelligent and voluntary;" and (4) his attorney failed to object to the presentence investigation report on the ground that Piccolo was reasonably capable of purchasing only one kilogram of cocaine.

*Piccolo's Allegation That His Attorney's
Failure to Advise Him of the Consequences of an Entrapment Defense at
Trial Amounted to Ineffective Assistance of Counsel.*

■ Piccolo alleges that his attorney failed to advise him that it was possible to go to trial with an entrapment defense, and if found guilty, still possibly be eligible for a two-point reduction for acceptance of responsibility (Motion at 2). Stated another way, Piccolo is saying that the reason he entered the plea of guilty was to gain the two-point reduction for acceptance of responsibility. If he knew that he could go to trial, allege entrapment, and still qualify for a two-point reduction, he would not have entered the plea of guilty.

This argument makes no sense. Whether or not plaintiff was going to get a two-point reduction for acceptance of responsibility could not have played any part in inducing the guilty plea. The mandatory minimum sentences applicable to defendant's crimes far outstripped the sentencing guideline range and, therefore, rendered the two-point reduction for acceptance of responsibility meaningless.

In addition to the foregoing, the attorney's failure to provide advice concerning an entrapment defense could not provide the basis for ineffective assistance of counsel in view of the criminal conduct by Piccolo as set forth in the presentence investigation report and admitted to by Piccolo. The conspiracy to obtain large quantities of cocaine was not conceived by the government, but was a scheme hatched by three (3) inmates at FCI Leavenworth, one of whom was Piccolo's brother-in-law, Salvatore Wayne Grande. Unfortunately for the inmate co-conspirators, they approached another inmate who provided them with the telephone number of an FBI undercover agent. Piccolo, acting as the inmate's man "on the outside", was the one who contacted the FBI undercover agent to advance the cocaine deal. Thereafter, Piccolo contacted the agent several more times in order to make arrangements for the drug transaction. When Piccolo ultimately showed up at the agent's hotel room in Philadelphia, the agent refused to complete the deal because Piccolo did not bring enough cash. On his own initiative, Piccolo then visited loan sharks and obtained additional funds and the agent released the cocaine to him.

■ A valid entrapment defense has two related elements: government inducement of the crime, and lack of predisposition by the defendant to engage in criminal conduct. *Mathews v. United States,* 485 U.S. 58, 63, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988). "Entrapment occurs when a defendant who was not predisposed to commit the crime does so as a result of the government's inducement." *United States v. El–Gawli,* 837 F.2d 142, 145 (3rd Cir.), *cert. denied,* 488 U.S. 817, 109 S.Ct. 55, 102 L.Ed.2d 34 (1988).

■ In order to demonstrate that the government has improperly induced a defendant to participate in a crime, the defendant must show that the government

engaged in grave threats, fraud, or promises so extraordinary that they would "blind the ordinary person to his legal duties." *United States v. Evans*, 924 F.2d 714, 717 (7th Cir.1991).

■ Predisposition has been defined as the defendant's inclination to engage in the crime for which he was charged measured before his initial exposure to government agents. *United States v. Gambino*, 788 F.2d 938, 945 (3rd Cir.1986).

By no stretch of the imagination, under the facts of this case, can it be said that Mr. Piccolo, an otherwise law-abiding citizen, was lured into committing a criminal act, or that the undercover agent overpowered the will of a reluctant participant. Piccolo was willing and eager to consummate the drug transaction that led to his conviction. His attorney's failure to provide advice concerning an entrapment defense could not, under these facts, constitute ineffective assistance of counsel.

### Allegation That Piccolo's Attorney Failed to Make a Bailey Argument

■ Piccolo alleges that his attorney failed to argue that he never "used" the firearm that he carried to the drug deal and was, therefore, entitled to relief pursuant to *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Piccolo's attorney in his first Section 2255 motion made this same argument. He was unsuccessful in convincing the court because it was clear that he had been charged under both the "use" and "carry" prongs of 18 U.S.C. § 924(c) and that he "carried" the firearm in relation to the drug trafficking crime. This was also unsuccessfully argued before the Third Circuit Court of Appeals and may not now be re-litigated since it has already been decided against him.

■ Where a claim is actually decided on direct review, it can not be re-litigated under Section 2255 except in unusual circumstances. *Withrow v. Williams*, 507 U.S. 680, 720–721, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *United States v. DeRewal*, 10 F.3d 100, 105 n. 4 (3rd Cir.1993).

### Piccolo's Challenge to His Guilty Plea Based on Attorney's Alleged Ineffectiveness

■ Piccolo claims that his guilty plea was not "knowing, intelligent and voluntary," because his attorney did not take sufficient time to explain the governing law to him (Motion at 4–6), and because the decision in the case of *Bailey*, rendered four (4) years after his guilty plea, somehow made his plea "misinformed and unintelligent." (Motion at 13).

In his first collateral attack, Piccolo's attorney, on direct appeal, argued unsuccessfully that the holding represented a change in the law that inured to Piccolo's benefit. I do not believe that this can form the basis of an argument questioning the validity of a guilty plea or the competency of counsel.

The transcript of the guilty plea colloquy entered into between the Court and the defendant makes it clear that Piccolo understood the rights that he was giving up by pleading guilty and the penalties to which he was subjecting himself. Piccolo's answers in response to the Court's questions all indicated that he understood the meaning and consequences of his actions.

### Piccolo's Argument Concerning The Quantity Of Cocaine For Which He Was Held Accountable

■ Piccolo's attorney argued unsuccessfully in the Court of Appeals that he was improperly denied a *de novo* resentencing hearing at which he intended to develop the argument that he was a victim of so-called "sentencing entrapment." The specific guideline cited by Piccolo was U.S.S.G. § 2D1.1 comment n. 15 concerning a "reverse sting" operation in which a subject purchases drugs from an undercover agent. The provision grants the sentencing court discretion to depart downward when the undercover agent has

**332**

induced the defendant to obtain more drugs than he might have otherwise been willing to purchase by offering him an artificially low price.

The Court of Appeals determined that the record did not support the application of that section and note, because Piccolo pleaded guilty to conspiracy to possess five (5) kilograms or more of cocaine triggering the ten-year statutory minimum sentence and admitted to conspiring with others to distribute twenty (20) kilograms of cocaine on a weekly basis. In the pending Section 2255 motion, Piccolo, citing application note 12 to U.S.S.G. § 2D1.1 seeks to re-litigate this issue. The application note cited by Piccolo states:

> "[I]n a reverse sting, the agreed upon quantity of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government not the defendant."

U.S.S.G. § 2D1.1, n. 12.

Piccolo's interpretation of the guideline, which would exclude from the calculation that quantity of drugs that the defendant "did not intend to provide or was not reasonably capable of providing", is completely incorrect because Piccolo was the customer, not the supplier. In rejecting Piccolo's direct appeal, the Court stated:

> "[W]here the defendant is the buyer of the drugs and negotiates for a particular quantity, the amount of money exchanged for the drugs is irrelevant in determining the quantity of drugs to be used in calculating the offense level. U.S.S.G. § 2D1.1, application note 12; *Gomez*, 103 F.3d. at 253; *United States v. Williams*, 109 F.3d 502. The plea agreement and the unchallenged presentence report established that Piccolo intended to purchase at least five kilograms of cocaine."

As noted above, where a claim is actually decided on direct appeal, it cannot be re-litigated under Section 2255. Because Piccolo's claim that his original attorney's ineffective assistance resulted in an inaccurate PSI report is dependent on his improper argument concerning drug quantity (Motion at 15–20), it must be rejected.