UNITED STATES of America, Appellee,

v.

Candis WHITE, Defendant, Appellant.

No. 84–1895.

United States Court of Appeals,
First Circuit.

Argued May 6, 1985.

Decided June 26, 1985.

William A. Brown, Boston, Mass., with whom Brown & Prince, Boston, Mass., was on brief for defendant, appellant.

Joseph F. Savage, Jr., Sp. Asst. U.S. Atty., Boston, Mass., with whom William F. Weld, U.S. Atty., Boston, Mass., was on brief for appellee.

Before CAMPBELL, Chief Judge, COFFIN and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

Three matters are raised on appeal by appellant Candis White: (1) The refusal of the trial judge to allow psychiatric evidence in connection with a defense of "diminished capacity," (2) whether the denial of the appellant counsel's request to use a chalk board to explain to the jury the defense's theory of multiple conspiracies constitutes reversible error, and (3) whether appellant's motion to suppress should have been granted. Finding that the district court ruled properly on all three issues, we affirm appellant's conviction.

Together with five other defendants, appellant was indicted for violating 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. The five count indictment charged appellant with conspiracy to possess cocaine with intent to distribute (Count I), and various instances of possession of cocaine with intent to distribute (Counts II–V). After a mistrial as to appellant in the joint trial caused by her counsel's inability to continue because of illness, appellant was retried, found guilty on all counts, and sentenced to three-years' imprisonment with a three-year special parole term being imposed.

*The defense of "diminished capacity."*

During trial, counsel for appellant attempted to present psychiatric testimony concerning the alleged "mental state" of appellant for the purpose of establishing lack of specific intent, an essential element of the crimes charged. The substance of this contention is to the effect that, because of the influence exerted upon her by her mother, she was unable to resist her mother's request for assistance, and was thus compelled to aid her in her drug dealing. Appellant's counsel specifically disclaimed an insanity allegation, relying instead upon *United States v. Brawner*, 471 F.2d 969 (D.C.Cir.1972), as authority for the validity of the "diminished capacity" defense.

 An offer of proof was made to the effect that appellant "knowingly chose to break the law ... [but that] her motive for knowingly breaking the law was to help her mother." The decision of the trial court to exclude the proffered testimony is correct on several grounds. First, even where "diminished capacity" is an accepted defense (*see, e.g., United States v. Brawner*, 471 F.2d 969 (D.C.Cir.1972) (*dicta*); *United States v. Erskine*, 588 F.2d 721, 722–23 (9th Cir.1978); *Rhodes v. United States*, 282 F.2d 59, 60–62 (4th Cir.), *cert. denied*, 364 U.S. 912, 81 S.Ct. 275, 5 L.Ed.2d 226 (1960), evidence of a "good" motive for violating the law is irrelevant if the defendant is in fact cognizant that the law is being violated by the proscribed actions, i.e., is capable of forming specific *criminal* intent. *See United States v. Bennett*, 539 F.2d 45 (10th Cir.), *cert. denied*, 429 U.S. 925, 97 S.Ct. 327, 50 L.Ed.2d 293 (1976).

More importantly, however, this court has recently rejected substantially the same arguments as appellant makes in this case in *United States v. Kepreos*, 759 F.2d 961 (1st Cir.1985), in which evidence of a "diminished capacity" defense was also rejected. *Kepreos* is in line with the majority of the courts that have more recently considered the quagmire[1] of "diminished capacity." *See, e.g., Muench v. Israel*, 715 F.2d 1124, 1142–43 (7th Cir.1983), *cert. denied*, —— U.S. ——, 104 S.Ct. 2682, 81 L.Ed.2d 878 (1984). After such a brief life we see no reason to abandon *Kepreos*, particularly since it concurs with congressional

---

**1.** *See* Ennis and Litwack, *Psychiatry and the Presumption of Expertise: Flipping Coins in the* *Courtroom,* 62 Cal.L.Rev. 693 (1974).

thinking as expressed in the recently enacted Comprehensive Crime Control Act of 1984, which abolished "diminished capacity" as a defense.[2] 18 U.S.C. § 20(a).

*Use of trial aids.*

■ Appellant was given ample opportunity at trial to develop evidence dealing with her multiple conspiracy theory. The use of the blackboard to illustrate these *arguments* was denied by the court. The use of trial aids is committed to the trial court's discretion, and should only be allowed where they serve to assist the jury in understanding and judging the factual controversy. *United States v. Downen,* 496 F.2d 314, 321 (10th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 177, 42 L.Ed.2d 142 (1974). Under the circumstances of this case, we find no abuse by the trial court.

*Denial of motion to suppress.*

■ Initially appellant's counsel filed a general motion on behalf of appellant to suppress statements and evidence. At the hearing on the motion, however, appellant's counsel waived all allegations except as to the sufficiency of the probable cause outlined in the affidavit supporting the search of appellant's apartment. All matters thus waived will not be considered by this Court on appeal. *United States v. Kakley,* 741 F.2d 1 (1st Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 261, 83 L.Ed.2d 197 (1984). We also refuse to consider for the first time on appeal the allegations dealing with 18 U.S.C. § 3109, regarding alleged failure by the agents to knock and announce their identity prior to entering appellant's apartment. *United States v. Pappas,* 611 F.2d 399, 405 (1st Cir.1979).

Turning thus to the sufficiency of the supporting affidavit, we find that it supported a finding of probable cause by the magistrate.

■ In determining whether probable cause is established in the affidavit, the magistrate (and the reviewing court) is required to make a practical, common-sense decision whether, given all the circumstances, there is a fair probability that contraband or evidence will be found in the place described. *Illinois v. Gates,* 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *United States v. Drake,* 673 F.2d 15, 18 (1st Cir.1982). A finding of probable cause can be supported by less evidence than is required to support a conviction, *Rosencranz v. United States,* 356 F.2d 310 (1st Cir.1966), and not all plausible lawful explanations of the situation must be negated. *United States v. Viegas,* 639 F.2d 42, 45 (1st Cir.), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2046, 68 L.Ed.2d 348 (1981).

■ The affidavit here in question was given by John E. Fencer, a D.E.A. agent with 14 year's experience, who had been engaged in an ongoing investigation of cocaine trafficking, during the course of which he made several purchases of cocaine from appellant and her mother, Dorothy Cox. A reliable informant provided Fencer with a telephone number at which Cox could be reached. A check of this number established that it was listed in the name of Elvira Mudge, Apartment 504, 5th Floor, 167 Kennedy Drive, Malden, Massachusetts. Both Cox and appellant were seen leaving and entering those premises on several occasions. On August 31, 1983 after Cox agreed to deliver three kilograms of cocaine to Fencer, Cox was seen leaving the premises in question with a white paper bag similar to the one which she handed to Fencer shortly thereafter, and which contained cocaine. The bag contained much less than three kilograms of cocaine and thus Fencer believed that more cocaine was to be found in the mentioned premises, where it could possibly be destroyed by

**2.** 18 U.S.C. § 20(a) provides:

*Affirmative Defense* —It is an affirmative defense to a prosecution under any Federal Statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect,

was unable to appreciate the nature and quality of the wrongfulness of his acts. *Mental disease or defect does not otherwise constitute a defense.*

(Emphasis supplied).

other persons not yet arrested if a seizure could not be effectuated promptly.

These facts clearly established probable cause to issue the search warrant. *See also United States v. Baldacchino,* 762 F.2d 170 (1st Cir.1985).

The conviction of appellant is affirmed.

*Affirmed.*