857 F.2d 1469
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Durwood Arthur HOOD, Jr., Defendant-Appellant,
 No. 87-5670.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 10, 1988.
Decided: Aug. 3, 1988.
 
 Kathleen Gallogly Cox (Cook, Howard, Downes & Tracy, on brief), for appellant.
 David Paul King, Assistant United States Attorney (Breckinridge L. Willcox, United States Attorney; Carmina S. Hughes, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL and MURNAGHAN, Circuit Judges, and PAUL V. NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant, Arthur Hood, appeals from his conviction of interstate transportation of stolen property. The principal issue in this appeal is whether the district court erred in excluding psychiatric testimony, which would have argued that the defendant lacked the mens rea to steal.
 
 
 2
 The facts are undisputed. The defendant had been charged with arson in a separate case. On June 17, 1986, while employed as a driver with Federal Armored Express, Hood drove off in the Federal Armored Express truck, containing approximately $300,000.00. Hood has never denied that he took this money and transported it from Maryland to Pennsylvania to Ohio and finally to Indiana. Hood's sole argument is that he took the money only to draw attention to his "unjust" previous arrest for arson. To this end, Hood desired to produce psychiatric testimony that he lacked the mens rea to steal. However, the district court granted the government's motion in limine to exclude such psychiatric testimony and the defendant appeals.
 
 
 3
 The Insanity Defense Reform Act provides in pertinent part that
 
 
 4
 It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality of the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.
 
 
 5
 18 U.S.C. Sec. 17 (Supp. IV 1986) (emphasis added).
 
 
 6
 The last sentence of this act is explained by the legislative history as providing that
 
 
 7
 mental disease or defect other than that which renders the defendant unable to appreciate the nature and quality or wrongfulness of his acts does not constitute a defense. This is intended to insure that the insanity defense is not improperly resurrected in the guise of showing some other affirmative defense, such as that the defendant had a "diminished responsibility" or some similarly asserted state of mind which would serve to excuse the offense and open the door, once again, to needlessly confusing psychiatric testimony.
 
 
 8
 S.Rep. No. 25, 98th Cong., 2d Sess. 229 (1983), reprinted in 1984 U.S.Code Cong. & Admin.News 3182, 3411.
 
 
 9
 In the instant case, the defendant did not plead insanity. Rather, he sought to introduce the testimony of a psychiatrist which said that defendant lacked the "intent to steal for profit or gain." However, the psychiatrist candidly admitted that this would "involve what would be called a number of years ago of diminished capacity." The district court relied on the Insanity Defense Reform Act and excluded all such testimony.
 
 
 10
 The district court committed no error in excluding this testimony. We agree with the judgment of the Court of Appeals for the First Circuit that the Comprehensive Crime Control Act of 1984 has "abolished 'diminished capacity' as a defense." United States v. White, 766 F.2d 22, 25 (1st Cir.1985). The testimony which would have been offered by the psychiatrist was admittedly nothing more than testimony that the defendant may have had such a diminished capacity. The Comprehensive Crime Control Act of 1984 makes clear that such testimony no longer constitutes a defense and the district court acted properly in excluding this testimony from trial. The other issues raised by defendant on this appeal are without merit.
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.