108 F.3d 330
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Joseph W. LAPLANTE, Jr., Defendant-Appellant.
 No. 96-1316.
 United States Court of Appeals, Second Circuit.
 Feb. 28, 1997.
 
 Appearing for Appellee: Andrew Baxter, Assistant United States Attorney, for the Northern District of New York, Syracuse, NY.
 Appearing for Appellant: Bruce R. Bryan, Syracuse, New York.
 Present: OAKES, WINTER, CABRANES, Circuit Judges.
 
 
 1
 Joseph W. LaPlante, Jr., appeals from his conviction by a jury and sentence by Judge Pooler for mail fraud and aiding and abetting mail fraud under 18 U.S.C. § 1341 and 18 U.S.C. § 2. He was charged with making 13 separate mailings as part of a scheme to defraud mail order companies of over $80,000. Judge Pooler sentenced him to concurrent terms of 24 months of incarceration on each count, and ordered him to pay $13,835.53 in restitution, including a lump sum payment of $10,000 due thirty days after release.
 
 
 2
 LaPlante contends that Judge Pooler erred in refusing to grant his request for a diminished capacity jury instruction. Under the Insanity Reform Act of 1984, only the inability to appreciate the nature and quality or the wrongfulness of one's acts excuses guilt. 18 U.S.C. § 17(a). Specifically, "Mental disease or defect does not otherwise constitute a defense." Id. Most of the circuits that have considered the question, however, have determined that evidence of mental disease can still be used to disprove specific intent for specific intent crimes. United States v. Cameron, 907 F.2d 1051, 1063-66 (11th Cir.1990); United States v. Twine, 853 F.2d 676, 679 (9th Cir.1988); United States v. Bartlett, 856 F.2d 1071, 1082 (8th Cir.1988); United States v. Newman, 889 F.2d 88, 91-92 & n. 1 (6th Cir.1989), cert. denied, 495 U.S. 959 (1990); United States v. Pohlot, 827 F.2d 889, 897-98 (3d Cir.1987), cert. denied, 484 U.S. 1011 (1988). But see United States v. White, 766 F.2d 22, 24-25 & n. 2 (1st Cir.1985). We have not directly resolved the issue. We need not resolve it here because a district court "is not required to give a requested charge if it lacks a foundation in law ... or lacks a foundation in the evidence adduced at trial." United States v. Paccione, 949 F.2d 1183, 1200 (2d Cir.1991) (citations omitted), cert. denied, 505 U.S. 1220 (1992).
 
 
 3
 The defense offered evidence that LaPlante acted strange "a lot" and that he often mumbled or ranted and raved. LaPlante also claimed that his "mind was somewhere" at the time he ordered the merchandise and offered an irrational justification for the crime--that he was trying to "get back" property confiscated by the government. However, he never offered expert or other testimony at trial establishing a mental disease or defect negating specific intent. See, e.g., White 766 F.2d at 24; Pohlot, 827 F.2d at 906-07; United States v. Kepreos, 759 F.2d 961, 964 (1st Cir.), cert. denied, 474 U.S. 901 (1985). By way of contrast, the cases on which he relies involved substantial evidence of that nature, including expert testimony. See, e.g., Bartlett, 856 F.2d at 1078; Twine, 853 F.2d at 677-78.
 
 
 4
 LaPlante also contends that the evidence was legally insufficient to support a finding of specific intent. We disagree. There was in fact abundant evidence of such an intent. LaPlante used only high-numbered checks, correctly estimating that some mail-order houses would delay sending merchandise until low-numbered checks--indicating new accounts--would clear the bank. He also sent (bad) checks for amounts greater than the cost of the goods ordered and thereby received refund checks. The jury could, therefore, have easily found that LaPlante had specific intent to commit the crime.
 
 
 5
 Finally, LaPlante contends that the lower court erred in ordering restitution in that: (i) Judge Pooler should not have ordered the $12,629.53 to be paid to the mail-order companies, because the government did not attempt to return merchandise found in his dwelling to the companies as required under 18 U.S.C. § 3663(b)(1)(B); (ii) the $1,200 restitution order to North Country Savings Bank was erroneous because Section 3663 does not authorize restitution for consequential damages; and (iii) the order of a $10,000 lump sum payment to be made within 30 days of release was inappropriate given LaPlante's indigent status. None of these contentions has merit.
 
 
 6
 The appropriate standard of review of restitution orders is abuse of discretion. United States v. Lavin, 27 F.3d 40, 42 (2d Cir.), cert. denied, 115 S.Ct. 453 (1994); United States v. Grundhoefer, 916 F.2d 788, 793 (2d Cir.1990); United States v. Atkinson, 788 F.2d 900, 902 (2d Cir.1986). LaPlante contends that the government improperly failed to retrieve the property in question and return that which was salvageable to the mail order companies. Under 18 U.S.C. § 3663(b)(1)(B)(ii), restitution orders should deduct "the value ... of any part of the property that is returned...." The obvious purpose of restitution is to help victims. That purpose can hardly be achieved if restitution can be avoided by a defendant on the ground that law enforcement officials decided not to expend scarce resources on the identification, retrieval, packaging, and mailing of small items such as those involved here. Judge Pooler's decision to order restitution to the mail order companies was thus not an abuse of discretion.
 
 
 7
 The cases relied upon by appellant do not hold otherwise. They involve, first, restitution orders that did not deduct the value of property actually returned to the victims. See United States v. Clark, 957 F.2d 248, 253-54 (6th Cir.1992) (remand requiring defendant who stole two government vehicles to pay for damage to vehicles, not full value); United States v. West, 942 F.2d 528, 533 (8th Cir.1991) (district court's restitution order should have been reduced by the $20,000 civil settlement defendant had agreed to pay to victim). In the instant matter, no property has been returned. Second, the cases appellant relies on involve instances in which the sentencing judge improperly valued the property in question. United States v. Watchman, 749 F.2d 616, 618-19 (10th Cir.1984) (remand for more fact-finding regarding amount of restitution owed); United States v. Clack, 957 F.2d 659, 661 (9th Cir.1992) (district court erred in not deducting value of property recovered); United States v. Tyler, 767 F.2d 1350, 1352-53 (9th Cir.1985) (district court erred in adding devaluation in price of recovered timber to amount of restitution owed). In the instant case, the value of the lost property is not disputed.
 
 
 8
 Judge Pooler also did not abuse her discretion in ordering LaPlante to pay restitution to the bank. 18 U.S.C. § 3663(b)(4) states that a restitution order may require a defendant to:
 
 
 9
 reimburse the victim for lost income and necessary child care, transportation, and other expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense....
 
 
 10
 This subsection was added to Section 3663 on September 13, 1994, after the date of appellants' offenses but before sentencing. Violent Crime Control and Law Enforcement Act of 1994, Pub.L. No. 103-322, § 40504, 108 Stat. 1796 (1994). The new provision governs, because the governing restitution provision under Section 3663 is the one in effect at the time of sentencing. United States v. Rice, 954 F.2d 40, 44 (2d Cir.1992); see also Hughey v. United States, 495 U.S. 411, 413 n. 1 (1990), superseded on other grounds, 18 U.S.C. § 3663(a)(3).
 
 
 11
 LaPlante does not argue that the bank is not a victim; rather he argues that consequential damages are not recoverable as restitution under Section 3663. However, the cases upon which he relies all pre-date the amendment described above. Ratliff v. United States, 999 F.2d 1023 (6th Cir.1993); United States v. Mullins, 971 F.2d 1138 (4th Cir.1992); United States v. Arvanitis, 902 F.2d 489 (7th Cir.1990); United States v. Mitchell, 876 F.2d 1178 (5th Cir.1989). As noted, however, the amendment authorizes restitution to victims for "expenses related to participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense." 18 U.S.C. § 3663(b)(4). Consequential damages of the type incurred by the bank--those "related to the investigation or prosecution of the offense"--are therefore specifically authorized by the new provision. Id.
 
 
 12
 We also conclude that the order of a $10,000 lump sum payment to be made within 30 days of release was appropriate. Appellant received eleven $1,008 monthly social security checks while he was in custody, which accumulated at the post office. The Presentence Report noted: "it appears the defendant has the ability to pay restitution in this case." When asked by Judge Pooler if he had received the checks, LaPlante answered, "Yeah, I guess," and "I think so, since 1994? Yes." Having considered the financial resources of the defendant, Judge Pooler did not abuse her discretion in ordering a lump sum payment. See 18 U.S.C. § 3664.
 
 
 13
 We therefore affirm.