**UNITED STATES of America,
Plaintiff,**

**v.**

**Esteban ORTIZ (12), Defendant.**

**CRIM. No. 14–505–12 PG.**

United States District Court,
D. Puerto Rico.

Signed Aug. 13, 2015.

Myriam Y. Fernandez–Gonzalez, United States Attorney's Office, San Juan, PR, for Plaintiff.

***OPINION AND ORDER***

JUAN M. PÉREZ–GIMÉNEZ, District Judge.

As part of his pre-trial pleadings, Defendant Esteban Ortiz filed an ex-parte motion for appointment of expert services pursuant to the Criminal Justice Act, Title 18 U.S.C. § 3006A. *See* Docket No. 236. Ortiz sought to hire a physician who specializes in drug addiction. According to the motion, Ortiz intended to submit to the doctor's evaluation from the standpoint of his alleged addiction to controlled substances to eventually present evidence at trial of drug use as a character trait.

Federal Rule of Evidence 404(a)(2)(A) allows a defendant in a criminal case to offer evidence of a "pertinent trait." Along those lines, Fed.R.Evid. 405(a) and (b) specify the methods by which character may be established. Ortiz pointed to those evidentiary rules as the conduit for introducing evidence of drug addiction as a "character trait." By his own admission, the testimony of the proposed expert regarding elements like "(the) patterns of conduct of addicted persons; things addicts do and say in order to gain access to more drugs, and consumption patterns ..." would be an integral part of his defense. *See* Docket No. 236 at ¶¶ 2–3.

The introduction of character traits at trial is an oft confounding area of the common law of evidence. From the lack of a codified definition[1] to the commendable, albeit inconsistent, efforts by the courts to craft their own guidelines,[2] the

1. *See* Barret J. Anderson, Note, *Recognizing Character: A New Perspective on Character Evidence*, 121 Yale L.J.1912, 1914 (2012)("Unfortunately, the Federal Rules of Evidence do not define character, and worse still, there is no judicially manageable definition of character for courts to apply when the admissibility of evidence turns on this determination.") (footnote omitted).

2. For a survey of definitions crafted by courts, *see* 121 Yale L.J.1912, 1922–1924.

admissibility of expert testimony regarding proof of character continues to rest within the court's discretionary powers.[3] Faced with that task and mindful of the inherent difficulties of the endeavor, the Court first looked to the ordinary meaning of the terms "character"[4] and "trait."[5] In a nutshell, they generally refer to distinctive, innate qualities or characteristics of a person. Next, the Court searched for a legal construct of "character trait" to determine whether an addiction to controlled substances could be considered a feature that is manifested as part of a person's character.

Though the First Circuit has yet to provide an analytical framework to guide the lower courts' decision-making on this subject, we found that it has grappled with the issue. In *U.S. v. Kepreos*, 759 F.2d 961 (1st Cir.1985), *cert. denied*, 474 U.S. 901, 106 S.Ct. 227, 88 L.Ed.2d 227 (1985), the First Circuit examined whether the trial court had erred in excluding expert testimony as evidence of character traits under Fed.R.Evid. 404(a)(1) and 405(a). The Circuit rejected appellant's view that the expert psychiatric and psychological testimony would have shown that he had a series of "personality traits" such as "avoidance, denial, repression, naivete, dependency and tunnel vision." *Kepreos*, 759

F.2d at 964–65. In explaining its rationale, the Court expressed:

> The term "character trait" is nowhere defined in the Federal Rules of Evidence. There is no indication whatsoever that either the draftmen or Congress had in mind admitting evidence of broad psychological traits or clinical states such as "repression" or "dependency" or the other similar characteristics about which appellant's experts proposed to testify, perhaps most notably "tunnel vision." The trial judge excluded the testimony on the basis of her legitimate concern that it might confuse the jury, an opinion which we fully share. We are thus satisfied that there was no error below on this point.

*Kepreos*, 759 F.2d at 965 (internal citations omitted).

Read in conjunction with the definitions of "character" and "trait", the Court believes that addiction belongs in the category of "broad psychological traits or clinical states" that the First Circuit addressed in *Kepreos*. This interpretation seems to fall in line with the First Circuit's propensity to disallow psychological evidence presented to negate specific intent in the absence of a properly pleaded insanity defense. *See U.S. v. White*, 766 F.2d 22, 24–25 (1st Cir.1985); *U.S. v. Schneider*, 111 F.3d 197, 201 (1st Cir.1997).[6]

---

**3.** As to the admission of expert testimony, *see* Fed.R.Evid. 702. The determination under Rule 702 of whether the expert testimony "will help the trier of fact to understand the evidence or to determine a fact in issue" is a matter for the trial judge under Rule 104(a). *See Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Moreover, a district court's decision to admit or exclude expert testimony is entitled to great deference. *See U.S. v. Shay*, 57 F.3d 126, 132 (1st Cir.1995) (citations omitted).

**4.** The definitions of "character" include: "a distinctive trait, quality, or attribute ... an

essential quality; nature; kind or sort ... an individual's patter of behavior or personality; moral constitution ... a description of the traits or qualities of a person or type; character sketch ..." Webster's New Twentieth Century Dictionary, 2nd Edition (1983).

**5.** Likewise, "trait" is defined as: "a distinguishing quality or characteristic, especially of personality." *Id.*

**6.** Though other Circuits have expressed a different view, *see e.g.*, *U.S. v. Twine*, 853 F.2d 676, 678–79 (9th Cir.1988), the holdings of *Kepreos* and its progeny guide this Court.

An additional consideration weighs on the Court's analysis. The indictment in this case charges defendant Ortiz with possession with the intent to distribute controlled substances, among other charges. Due to the nature of the charges against him, there is a probability that the expert testimony defendant seeks to introduce will ultimately be prejudicial or, at best, misleading. Even if expert testimony is admissible pursuant to Fed.R.Evid. 702, it may be disallowed · pursuant to Fed. R.Evid. 403 if its probative value is substantially outweighed by factors such as unfair prejudice, confusion and undue delay. As the Supreme Court noted in *Daubert*, "'[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403 of the present rules exercises more control over experts than over lay witnesses.'" *Daubert*, 509 U.S. at 595, 113 S.Ct. 2786 (quotations omitted). In considering the particulars of this case under the purview of the Rule 403 factors, the Court leans towards denying defendant's request. Despite the difficulty of categorizing human behavior within the confines of legal doctrine,[7] courts are called upon to draw upon their own judgment, as well as legal precedent, in making evidentiary rulings like the one at hand.[8]

For all the reasons stated herein, Defendant Esteban Ortiz' Request for Order Appointing Expert Services is **DENIED.**

**IT IS SO ORDERED.**

---

**7.** For a comprehensive description of whether traits can be a predictor of behavior, *see* Jonathan D. Kurland, *Character as a process in judgment and decision-making and its implication for the character evidence prohibition in Anglo–American law*, 38 Law & Psychol. Rev. 135 (2013–2014).

**8.** As Judge Wilkinson of the Fourth Circuit aptly noted, "[a] judge's toolkit includes common sense." *United States v. Montieth*, 662 F.3d 660, 668–69 (4th Cir.2011).