UNITED STATES of America, Appellee,

v.

John F. CANESSA, Jr., Defendant-Appellant.

No. 75–1387.

United States Court of Appeals, First Circuit.

Argued March 5, 1976.
Decided April 16, 1976.

Patricia G. Curtin, Boston, Mass., by appointment of the Court, with whom Moulton & Looney, Boston, Mass., was on brief, for defendant-appellant.

Paul E. Troy, Asst. U. S. Atty., Boston, Mass. with whom James N. Gabriel, U. S. Atty., Boston, Mass., was on brief for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

Defendant-appellant, John F. Canessa, Jr., appeals from his conviction, after a jury verdict of guilty, of one count of interstate transportation of a stolen motor vehicle, 18 U.S.C. § 2312. His sole contention on appeal is that the district court erred in denying his motion for a judgment of acquittal at the close of the government's case.

In testing the sufficiency of the evidence on a motion for a judgment of acquittal, the court views the evidence and the inferences which may reasonably be drawn therefrom in the light most favorable to the government. *Parker v. United States,* 378 F.2d 641, 644–45 (1st Cir.1967). To convict under § 2312 the government must prove that (1) the motor vehicle was stolen; (2) the defendant transported it in interstate commerce; and (3) the defendant knew the motor vehicle was stolen when he transported it. *United States v. Maffei,* 450 F.2d 928 (6th Cir.1971), *cert. denied,* 406 U.S. 938, 92 S.Ct. 1789, 32 L.Ed.2d 138 (1972); *see Freije v. United States,* 386 F.2d 408, 409 (1st Cir.1967). Appellant does not contend that there was insufficient evidence as to whether the motor vehicle had been stolen. Rather, he claims that there was no evidence as to the other two elements independent of an inference from possession, and that this inference should not have been available to the government.

Ordinarily, possession in one state of property recently stolen in another, if not satisfactorily explained, is a circumstance from which the jury may reasonably infer that the person in possession not only knew it was stolen, but also transported or caused it to be transported in interstate commerce. *Holden v. United States,* 393 F.2d 276, 277 (1st Cir.1968). The evidence submitted at trial clearly showed that appellant had possession of the automobile in New York, ten days after its theft in Massachusetts. He claims, however, that the inferences of

transportation and knowledge were not available to the government in resisting the motion for judgment of acquittal because his possession of the car was explained by some of the evidence submitted in the government's case.

 His explanation, as outlined in his brief, is that he bought the automobile from an unidentified person who assumed the name of Glen MacInnes. This transaction took place on October 31, 1973, which is the same day he sold the car to a dealer in New York. The acquisition and the subsequent resale were in good faith because only an expert could know that the vehicle identification numbers had been changed, and the vehicle's papers conformed to the new numbers. We find that such an explanation is insufficient to deprive the government of the use of the inference in withstanding a motion for a directed verdict. *Cf. Freiji v. United States, supra* at 410. A purported document of title does not, per se, destroy the inference. This would be too easy. The circumstances as a whole must be looked at. While a jury could believe such an explanation, a reasonable man could disbelieve it. In such circumstances, the explanation and the proper inferences to be made from appellant's possession of the motor vehicle in New York were properly for the jury.*

 We see no merit in defendant's contention that the government was required to produce evidence tending to show that the defendant stole the automobile. Theft of the vehicle is not an element of a violation of § 2312.

*Affirmed.*

---

* The explanation in *Rodgers v. United States,* 402 F.2d 830 (9th Cir.1968) was of an entirely different order. There, a government witness testified that the defendant had a "valid" title to the motor vehicle, and this assertion was uncontradicted in the record. *Id.* at 833. The Ninth Circuit concluded that the jury was not entitled to find otherwise.