**UNITED STATES of America, Appellee,**

v.

**Herman J. LAMARE, Jr., Defendant, Appellant.**

**No. 82–1757.**

United States Court of Appeals, First Circuit.

Argued April 8, 1983.
Decided June 27, 1983.

**4**

Joseph L. Ferris, with whom Ferris, Dearborn & Willey, Brewer, Me., was on brief, for defendant, appellant.

Jay P. McCloskey, Asst. U.S. Atty., Bangor, Me., with whom Richard S. Cohen, U.S. Atty., Portland, Me., was on brief, for appellee.

Before HAYNSWORTH,* Senior Circuit Judge, and BOWNES and BREYER, Circuit Judges.

* Of the Fourth Circuit, sitting by designation.

1. Defendant was convicted of aggravated assault in Kennebec County Superior Court, State of Maine, on June 29, 1978. This is a felony under the Maine Criminal Code. Me.Rev.Stat. Ann. ch. 17–A, § 208.

BOWNES, Circuit Judge.

Defendant-appellant Herman J. Lamare, Jr., appeals his conviction under an indictment charging him with a violation of the federal firearms statute, 18 U.S.C. § 922(h)(1). The issues presented are: whether the district court erred in refusing to grant defendant's motion for judgment of acquittal; whether it erred in its jury instruction on constructive possession; whether it erred in refusing to give a requested instruction; and whether it erred in limiting defendant's final argument. We find no errors.

On or about February 2, 1979, defendant, a previously convicted felon,[1] was arrested by officers of the Bangor Police Department and charged with operating a motor vehicle while under the influence of intoxicating liquor. Jonathan Briggs, a passenger in the defendant's vehicle, was also arrested for interfering with the defendant's arrest. Briggs was taken to jail. The motor vehicle that defendant had been operating was impounded and towed away by Gary Smith, a towing service operator under contract with the Bangor Police Department.

The next morning Briggs was brought to court and fined $50. Defendant loaned Briggs $50 so that Briggs could pay the fine. In exchange for this loan, Briggs offered to allow defendant to use a .22 caliber pistol as collateral for the release of defendant's motor vehicle which was being held pending payment of the towing charge.

After the fine was paid, Briggs and defendant went to the house of Briggs' father in Bangor where the pistol was located. Briggs, defendant, and an unidentified third person then drove in Briggs' van to Smith's impound area where defendant's vehicle was being held.

Defendant and either Briggs or the unidentified third person walked from the van

into the towing company's office. Defendant offered to leave the pistol with Smith as collateral for the towing charge he owed to Smith. Smith accepted this offer. Either defendant or his unidentified companion returned to the van, retrieved the pistol and brought it back to the office. The pistol was then given to Smith who put it in a drawer and released defendant's car.

Sometime later, Smith again towed and impounded defendant's vehicle. Defendant came to Smith's impound area to pick up his car and paid cash this time for the towing charge. He inquired as to whether Smith still had the pistol. Smith assured him that he did and in fact showed it to him. Defendant told Smith to hang on to it and that he would be back.

A grand jury returned a two-count indictment against defendant. Count I charged that he was a previously convicted felon who did knowingly receive a firearm which had been shipped in interstate commerce in violation of 18 U.S.C. § 922(h)(1). Count II charged that he was a previously convicted felon who did possess a firearm that had been transported in commerce in violation of 18 U.S.C.App. § 1202(a)(1).

The government elected to go to trial on Count I only; Count II was voluntarily dismissed.

*The Motion for Judgment of Acquittal*

■ When reviewing a "district court's denial of a motion for a judgment of acquittal we must determine whether a rational jury drawing reasonable inferences ... from the evidence viewed in the light most favorable to the government ... could have found guilt beyond a reasonable doubt." *Villarreal Corro v. United States,* 516 F.2d 137, 140 (1st Cir.1975) (citations omitted). *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Canessa,* 534 F.2d 402, 403 (1st Cir.1976).

18 U.S.C. § 922(h)(1) in pertinent part states:

(h) It shall be unlawful for any person—

(1) who is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;

. . . .

to receive any firearm or ammunition which has been shipped or transported in interstate commerce.

■ Defendant contends that the evidence is insufficient to establish the element of receipt of a firearm by him. To prove receipt it is not necessary to show that the defendant actually received the pistol since "receipt under 18 U.S.C. § 922(h)(1) may be shown circumstantially by proving possession . . . ." *United States v. Craven,* 478 F.2d 1329, 1337 (6th Cir.), *cert. denied,* 414 U.S. 866, 94 S.Ct. 54, 38 L.Ed.2d 85 (1973), and possession can be either actual or constructive, exclusive or joint. *United States v. Flores,* 679 F.2d 173, 177 (9th Cir.1982); *United States v. Alverson,* 666 F.2d 341, 345 (9th Cir.1982). "Constructive possession exists when a person ... knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Craven,* 478 F.2d at 1333. *See also United States v. Birmley,* 529 F.2d 103, 107 (6th Cir.1976); *United States v. Daniels,* 527 F.2d 1147, 1150 (6th Cir.1975).

■ While there may be some question as to the sufficiency of the evidence to warrant a jury finding actual possession beyond a reasonable doubt, there was clearly sufficient evidence for a jury finding of constructive possession.

It is true, as defendant argues, that "[m]erely showing that appellant was a passenger in the car and in proximity to the [item found] is, without more, insufficient to support a finding of possession." *United States v. Bethea,* 442 F.2d 790, 793 (D.C.Cir. 1971). Here, however, the evidence, when viewed in the light most favorable to the government, established that the defendant had constructive possession of the pistol.

The pistol was made available to defendant for use as collateral for his towing charge, and it was so used. It matters not that defendant may not have physically

handled the pistol. Defendant could have taken actual possession of the pistol at any time by paying the towing charge. In light of the fact that defendant later inquired about the pistol and told the person who was holding it that he would return for it, it can scarcely be doubted that defendant knew that he could obtain the pistol himself upon payment of the towing bill and intended to do so. Constructive possession was conclusively established. The motion for judgment of acquittal was properly denied.

*The Jury Instructions*

The defendant objects on two grounds to the court's jury instructions either of which, he contends, was reversible error.

■ First, he claims that the court committed error in refusing to instruct the jury that the defendant "must know that exercise of dominion and control by third persons constitutes receipt of the firearm by him." We have fully discussed what, as a matter of law, constitutes receipt of a firearm. Ignorance of the law, in the sense of a lack of knowledge that one's actions are unlawful, is not a defense in prosecution under federal firearms laws. Courts will not read specific intent into a statute whose purpose is the regulation of dangerous objects—firearms. *See United States v. Currier*, 621 F.2d 7, 9–10 (1st Cir.1980). The trial court's refusal to give the requested instruction was proper.

■ Defendant's objection to the court's instruction on constructive possession is without merit. The instruction was complete and correct.

■ Defendant's last claim of error is that the court improperly restricted his final argument, thereby denying him effective assistance of counsel as guaranteed by the sixth amendment of the United States Constitution. The theory that the defendant wished to argue to the jury was that "possession of the firearm by others in the van for the defendant's use as collateral, could be perfectly proper if the defendant didn't possess or receive the firearm."

In light of the "constructive possession" instruction, defendant's theory would have been confusing to the jury, and was probably legally incorrect. But even if it were a legally tenable theory, counsel had no right to present it to the jury. The rule that the jury must follow the instructions of the court on the law is so firmly established in our jurisprudence as to require no explanation or citations to authority. It is one of the cornerstones of our legal system. When a court informs counsel that it will not instruct as requested on a point of law, counsel's only recourse is to object and pursue the matter on appeal. Fed.R.Crim.P. 30. Counsel has no right to argue to the jury a legal contention that the court has rejected. There was no improper restriction of final argument, only a complete misapprehension by defense counsel of the role of judge and lawyer.

*Affirmed.*