UNITED STATES, Appellee,

v.

Wayne Wesley MINNICK,
Defendant, Appellant.

No. 91–1487.

United States Court of Appeals,
First Circuit.

Heard Oct. 11, 1991.

Decided Nov. 14, 1991.

William A. Whitten with whom Decato Law Offices was on brief, for defendant, appellant.

Deborah C. Sharp, Asst. U.S. Atty., with whom Jeffrey R. Howard, U.S. Atty., was on brief, for appellee.

Before TORRUELLA, Circuit Judge, BOWNES, Senior Circuit Judge, and TAURO,* District Judge.

TAURO, District Judge.

Wayne Wesley Minnick was convicted of three firearms-related crimes in the United States District Court for the District of New Hampshire. On appeal, he claims that he was not a "felon" for purposes of 18 U.S.C. § 922(g)(1), which criminalizes a felon's possession of a firearm. He also challenges the district judge's jury instructions, which did not require that the jury find scienter with respect to each essential element of § 922(g)(1).

### I.

■ Federal gun-control law defines a so-called "felon" as one convicted of "a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). In order to determine when a former conviction constitutes such a crime, federal courts refer to the statute of the state in which the conviction was obtained. *See id.* § 921(a)(20). If the sentencing court had discretion to impose a term of incarceration of more than one year, then a defendant's crime is one "punishable by imprisonment for a term exceeding one year." *See, e.g., United States v. Currier,* 821 F.2d 52, 58 (1st Cir.1987).

Minnick's federal conviction is predicated on three earlier convictions in New Jersey for the third-degree crimes of promoting

gambling, possessing gambling records, and possessing a prohibited weapon. *See* N.J.Stat.Ann. §§ 2C:37–2, 37–3, 39–3b. For these offenses, Minnick was sentenced to concurrent two- and three-year probationary terms, conditioned upon a thirty-day incarceration in county jail, plus a fine and penalty.

In New Jersey, a third-degree conviction carries with it the possibility of three to five years in jail. *Id.* § 43–6. But Minnick points out correctly that the possibility of the imposition of such a sentence is subject to the presumption, in New Jersey's revised penal code, against imprisonment for first-time, third-degree offenders. *See id.* § 44–1. This presumption precludes imprisonment for such offenders, unless a court finds by a standard higher than clear and convincing evidence that incarceration is necessary to protect the public. *See State v. Gardner,* 113 N.J. 510, 551 A.2d 981, 985 (1989).

Minnick was a first-time, third-degree offender. He argues that this presumption, inasmuch as it made any imprisonment in his case subject to a contingency, precludes the conclusion that he was convicted of a crime punishable by a term exceeding one year.

Minnick's argument requires examination into the purposes of the federal statute. *See United States v. Dotterweich,* 320 U.S. 277, 280, 64 S.Ct. 134, 136, 88 L.Ed. 48 (1943) ("Regard for these purposes should infuse construction of the legislation if it is to be treated as a working instrument of government and not merely as a collection of English words."). Federal gun-control legislation was enacted to keep firearms "away from persons, such as those convicted of serious crimes, who might be expected to misuse them." *Dickerson v. New Banner Inst., Inc.,* 460 U.S. 103, 119, 103 S.Ct. 986, 995, 74 L.Ed.2d 845 (1983). State penal law is used for purposes of conveniently identifying crimes the conviction for which indicates a person's unreliability in the use of firearms. *Id.* at 120, 103 S.Ct. at 995.

* Of the District of Massachusetts, sitting by designation.

New Jersey's revised criminal code reflects the theme of the Model Penal Code, that a court should not impose a prison term unless necessary to protect the public or to provide treatment for a defendant, or if non-imprisonment would depreciate the seriousness of the crime. *State v. Roth*, 95 N.J. 334, 471 A.2d 370, 376 (1984). Conviction of a third-degree crime does not of itself, then, signify that an offender is so threatening to the public that he must be incarcerated. But whether a prison sentence was actually imposed is irrelevant to the purpose of § 922, which is to identify those people whose criminal backgrounds indicate unreliability with respect to firearms. *Dickerson*, 460 U.S. at 113, 119, 103 S.Ct. at 992, 995.

The New Jersey offenses here serve that purpose, regardless of the presumption of no-imprisonment for some offenders. A third-degree conviction prevents an offender from obtaining a gun permit in New Jersey. *See* N.J.Stat.Ann. §§ 2C:1–4(a), 58–3(c)(1). Because New Jersey considers this degree of offense serious enough to render a person unfit to possess a gun, it should be a sufficient basis for the federal crime, which "is designed to require federal rules to track state law." *United States v. Erwin*, 902 F.2d 510, 512 (7th Cir.), *cert. denied*, —— U.S. ——, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). Minnick's convictions, therefore, may stand as predicates to the § 922(g) charge.

## II.

 In his second challenge to his conviction, Minnick argues that scienter is an element of § 922(g). Specifically, he asserts that the knowledge required with respect to possession of the firearm extends also to the underlying conviction. That is, the defendant must know that he has been convicted of a crime punishable by imprisonment for a term exceeding one year.

Minnick contends that the district judge's failure to so instruct was reversible error. Although this circuit has not ruled on this issue,[1] others have held that scienter is not an element of § 922(g). *See United States v. Sherbondy*, 865 F.2d 996, 1002–1003 (9th Cir.1988) (reviewing legislative history); *United States v. Santiesteban*, 825 F.2d 779, 782 (4th Cir.1987). It is unnecessary, however, to resolve this issue, because Minnick, in pleading guilty to his two gambling offenses, was informed and thereafter acknowledged that he thereby subjected himself to the possibility of a combined prison term of ten years.[2] Minnick, therefore, knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. Even assuming that the jury should have been required to find scienter, the judge's failure to so charge would be harmless error, given the circumstances of this case.

## III.

 Minnick's final contention is that federal gun-control legislation intrudes on the right of the state of New Hampshire to decide who should possess firearms. The integrity of New Hampshire, which the 10th Amendment protects, is not violated by a federal statute that outlaws a felon's possession of firearms. The statute is not directed at states as such, but at individual behavior. *Cf. Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 554, 105

---

1. This circuit has held that scienter is not an element of § 922(h)(1), *United States v. Lamare*, 711 F.2d 3, 6 (1st Cir.1983), or § 922(m), *United States v. Currier*, 621 F.2d 7, 9–10 (1st Cir.1980).

The only circuit to have held that scienter is an element of the gun-control laws did so in a case factually inapposite to the one before us. In *United States v. Renner*, 496 F.2d 922 (6th Cir.1974), the defendant was convicted of possessing a firearm while under indictment for a felony, although he had previously been notified that the indictment had been dropped. The court held that, because of the possibility of such a situation and of similar situations in which defendants are not served with indictments, scienter was a requirement of the crime. *Id.* at 926–27.

2. The relevant docket entry of the Superior Court of New Jersey, Criminal Division, Union County, reads as follows: "Do you understand that for the offense or offenses to which you are about to plead guilty the court could impose a maximum sentence totaling not more than 10 years or a maximum fine totaling not more than $50,000, or both?" "Yes." *See* Government Trial Exhibit (2).

S.Ct. 1005, 1019, 83 L.Ed.2d 1016 (1985) (enforcing federal minimum-wage law against state transit system does not destroy state sovereignty or violate political process). The qualified state constitutional right to bear arms, *see* N.H. Const. pt. I, art. 2–a, does not suggest otherwise. Minnick's protestation that New Hampshire would allow him to possess a firearm, despite his previous convictions, is fully answered by the Supremacy Clause.

## IV.

For the foregoing reasons, defendant's conviction is AFFIRMED.