50 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Albert LAWRENCE, Defendant-Appellant.
 No. 94-30223.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1995.*
Decided March 13, 1995.
 
 Before: PREGERSON, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Because defendant's civil rights haven't been restored, he is still deemed a convicted felon under 18 U.S.C. Sec. 922(g). See 18 U.S.C. Sec. 921(a)(20)(B). That defendant may have been entitled to possess a rifle under Washington's state constitution poses no bar to his prosecution under federal law. See U.S. Const. art. VI ("This Constitution, and the Laws of the United States which shall be made in Persuance thereof ... shall be the supreme Law of the Land ..., any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."); see also United States v. Minnick, 949 F.2d 8, 11 (1st Cir.1991) ("Minnick's protestation that New Hampshire would allow him to possess a firearm, despite his previous convictions, is fully answered by the Supremacy Clause.").
 
 
 3
 Defendant's Tenth Amendment and equal protection arguments are without merit. Congress has the power to regulate firearms under the Commerce Clause, see United States v. Edwards, 13 F.3d 291, 293-94 (9th Cir.1993), and section 922(g) does not violate state sovereignty, Minnick, 949 F.2d at 10. Nor does section 922(g) establish an irrational classification. United States v. Sherbondy, 865 F.2d 996, 1003 (9th Cir.1988) (felony conviction provides rational basis on which to prohibit possession of firearms). The differential treatment of convicted felons that defendant finds objectionable is a product of Washington law, not the federal firearms statute. Should it choose to do so, Washington may eliminate the disparity in treatment by substantially restoring the civil rights of those who are in defendant's class of convicted felons. See United States v. Meeks, 987 F.2d 575, 578 (9th Cir.1993).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3