Minnick v. USA                              CV-96-23-SD    02/21/96

UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Wayne Wesley Minnick


            v.                                  Civil No. 96-23-SD


United States of America



                              O R D E R


     Invoking the provisions of 28 U.S.C. § 2255, Wayne Wesley

Minnick has petitioned the court to vacate the sentence imposed

subsequent to his conviction in this court of various federal

weapons-related offenses.


1.  Background

     Petitioner was convicted on December 5, 1990, of various

federal weapons-related offenses, including that of being a felon

in possession of a firearm contrary to 18 U.S.C. § 922(g)(1).

Sentence was thereafter imposed on April 1, 1991, with petitioner

to serve eight months in custody, four of which in an available

halfway house, and three years on supervised release.  The First

Circuit rejected his appeal on November 14, 1991.  See United

States v. Minnick, 949 F.2d 8 (1st Cir. 1991), cert. denied, 503
U.S. 995 (1992).[1]

Jurisdiction over petitioner's supervised release was
transferred to the District of Vermont on November 9, 1992.
Petitioner's three-year probation period began on September 7,
1992, and was scheduled to terminate on September 6, 1995.

A simple assault conviction in December of 1993 and a
failure to provide requested financial information to his
probation officer in November of 1992 resulted in the revocation
of Minnick's supervised release.  Admitting his guilt to such
violations of the conditions of his supervised release,
petitioner was sentenced by the United States District Court for
the District of Vermont (Sessions, J.) to an additional eight
months' imprisonment on October 31, 1995.  This period of
incarceration commenced on January 15, 1996.

---

[1]The basis for such appeal was not, as presented herein,
that petitioner's prior gambling conviction in New Jersey was
invalidly obtained, and thus he could not factually be a "felon"
in possession of a firearm, but rather that, contrary to this
court's pretrial rulings, the gambling offense was a misdemeanor
and not a felony.  At no point, before either the state courts--
trial or appellate--in New Jersey or the federal courts--district
or circuit--has petitioner contested the representation he
received in New Jersey or the adequacy of his plea agreement.

## 2.  Discussion

Relief under 28 U.S.C. § 2255 is available only if the party challenging a federal statute claims the sentence to have been imposed in violation of its statutory terms.[2]  See also Knight v. United States, 37 F.3d 769, 772 (1st Cir. 1994) (identifying four grounds upon which a federal prisoner may obtain relief under section 2255).

> A district court may dismiss a section 2255 petition without holding an evidentiary hearing if it plainly appears on the face of the pleadings that the petitioner is not entitled to the requested relief, or if the allegations, although adequate on their face, consist of no more than conclusory prognostications and perfervid rhetoric, or if the key factual averments on which the petition depends are either inherently improbable or contradicted by established facts of record.  See United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993); see also 28 U.S.C. § 2255 (explaining that a hearing is unnecessary when the record

------

[2]28 U.S.C. § 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

> "conclusively shows that the prisoner is entitled to no relief").

United States v. LaBonte, 70 F.3d 1396, 1412-13 (1st Cir. 1995).

Minnick's asserted right to the relief sought herein is grounded upon what he considers to be an invalid conviction in the state courts of New Jersey on certain gambling charges. At the heart of his present complaint is that such conviction is hampered by (1) an involuntary guilty plea; (2) use of unconstitutionally obtained evidence; and (3) ineffective assistance of counsel. Whatever the merits of such challenge to the gambling charges and agreed-to plea therein,[3] a matter which the court does not reach, petitioner fails to recognize or address his conviction in New Jersey, after trial by jury, on

---

[3]The court notes an apparent disagreement between the New Jersey trial judge and the Appellate Division as to precisely what point in time relative to a suppression hearing petitioner would be entitled to withdraw his retraxit plea. Compare Transcript of Trial before Honorable Edward W. Beglin, Jr., Aug. 17, 1984, at 4 ("In other words, you accept the fact of your plea agreement, if that appeal is successful, the guilty pleas will be retracted, and the question of the suppression motion and that hearing will then be going forward before a trial court?") with New Jersey v. Minnick, Civ. No. A-6036-83T4, slip op. at 6 (N.J. Super. Ct. App. Div. Dec. 29, 1986) (per curiam) ("the matter is remanded to the Superior Court, Law Division, Union County, to afford defendant the opportunity to file a motion to suppress. In the event defendant is successful in suppressing the evidence, he shall be given an opportunity to withdraw his plea."). Resolution of such misunderstanding, if any, need not be herein resolved due to the existence of a valid weapons conviction in New Jersey, discussed infra note 4.

weapons-related charges.[4]  Such conviction has been previously found by the First Circuit to be sufficient to form a predicate for petitioner's indictment, and ultimate conviction, under 18 U.S.C. § 922(g).  See Minnick, supra, 949 F.2d at 10, 11.

Since the New Jersey weapons charge was an adequate predicate upon which the section 922(g) federal charge could be formed, petitioner is "plainly" not entitled to relief pursuant to 28 U.S.C. § 2255.  LaBonte, supra, 70 F.3d at 1412.  Accordingly, his motion to vacate, set aside, or correct sentence must be and herewith is denied.

3.  Conclusion

For the reasons set forth herein, petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

February 21, 1996

cc:  Wayne Wesley Minnick, pro se

_____

[4]Subsequent to trial by jury in January of 1985, petitioner was found guilty of possession of a firearm silencer and a sawed-off rifle.

5