994 So.2d 882 (2008)
Alfred Randolph SMITH, Jr., Appellant,
v.
Brenna D. SMITH, Appellee.
No. 2007-CA-01356-COA.
Court of Appeals of Mississippi.
November 18, 2008.
*883 John Denver Fike, attorney for appellant.
*884 Harry Jones Rosenthal, attorney for appellee.
EN BANC.
CARLTON, J., for the Court.
¶ 1. Alfred Randolph Smith, Jr., was granted, in the Chancery Court of Hinds County, a divorce from Brenna D. Smith on the ground of cruel and inhuman treatment. The chancellor entered an order granting the divorce and ordering an equitable distribution of the parties' marital property. Aggrieved by the distribution of the property, Alfred appeals and asserts the following points of error:
I. Whether the trial court erred as a matter of law by awarding an equitable distribution of nonmarital property to Brenna.
II. Whether the trial court erred in failing to make specific findings of fact and conclusions of law relating to the distribution of the assets of the parties.
III. Whether the trial court erred as a matter of law in awarding Brenna an equal share of the marital property after finding that Alfred was entitled to a divorce on the ground of cruel and inhuman treatment.
¶ 2. Finding no error in the issues raised on appeal, we affirm in part, but remand in part for the limited purpose for the chancellor to reconsider the question of distribution of the firearms to the parties in light of 18 U.S.C. § 922(g)(9) (2006).

FACTS
¶ 3. Alfred and Brenna were married on February 14, 1999. They each had children from prior relationships and conceived no children during their marriage. They lived together in the marital home in Raymond, Mississippi.
¶ 4. After an altercation on Christmas night 2005, during which Brenna stabbed Alfred once in the chest and once in the leg, Alfred filed for divorce. In the complaint filed in the Chancery Court of Hinds County, Alfred alleged cruel and inhuman treatment by Brenna. Alfred also sought a temporary restraining order against Brenna, which the chancellor granted. Brenna subsequently filed a separate complaint asking for divorce based on cruel and inhuman treatment and habitual drunkenness by Alfred. The chancellor later consolidated the two cases. In a second temporary order, the chancellor allowed Alfred to remain in the marital home and ordered him to pay Brenna $700 per month in temporary support.
¶ 5. Brenna was indicted for aggravated assault for stabbing Alfred; however, she pleaded guilty to a misdemeanor of simple assault for stabbing Alfred. This conviction constituted a simple domestic violence conviction pursuant to Mississippi Code Annotated section 97-3-7(3) (Rev.2006). At the divorce trial, Alfred put on evidence of habitual cruel and inhuman treatment, while Brenna elected not to pursue her fault-based grounds. According to Alfred, he was sick on Christmas day and, therefore, did not go see Brenna's family for Christmas. When Brenna came home and found out that Alfred had gone to see his own family, a scuffle ensued. Brenna claimed that the stabbing was an accident that happened during an argument that night while Alfred was drunk. She testified that she did not intend to stab Alfred and that she only pleaded guilty based on the advice of her attorney. She also introduced photographs depicting bruises that she allegedly received from Alfred. After hearing testimony on the issue and considering Brenna's guilty plea to misdemeanor simple assault for assaulting Alfred, the chancellor awarded Alfred a divorce from *885 Brenna on the ground of cruel and inhuman treatment.
¶ 6. Thereafter, the parties put on evidence regarding the property that needed to be distributed by the chancellor. The chancellor made findings regarding the distribution of assets and entered a judgment, awarding the property as follows: (1) one-half of the value of the marital home to Brenna, (2) $5,000 to Brenna for her equitable share of improvements to the Prassel Street property, (3) the Smith Pecan Farm to Alfred, (4) one-half of the value of each of the two vehicles to each party, (5) personal property divided as agreed with various items including china, silver, depression glass, a curio cabinet, an antique desk, and a John Deere ornament collection to Brenna, (6) the .25 automatic and .38 automatic pistols to Brenna and the .22 automatic and .45 rebar pistols to Alfred, (7) all interest and proceeds from the John Hancock life insurance policy to Alfred, (8) one-half interest in the Farm Bureau life insurance policy to each party, (9) the remaining $12,000 Legg-Mason account to Alfred, (10) Alfred's individual retirement account to Alfred, (11) one-half of the value of three Merchants & Planters checking accounts and a Merchants & Planters Bank money market account to each party, (12) one-half of the value of the Merchants & Planters Bank savings account to each party, (13) the McGregory Family Trust to Brenna, (14) temporary support to Brenna for eight months, with any amount paid exceeding eight months to be credited to Alfred, (15) the $3,000 credit card debt to be paid by Brenna. Additionally, following a motion to reconsider, the chancellor awarded Alfred a $2,000 credit toward the division of property for a Ford pickup truck that Brenna disposed of during the marriage.

STANDARD OF REVIEW
¶ 7. We grant the chancellor much discretion in our review of a domestic relations case. Steiner v. Steiner, 788 So.2d 771, 777(¶ 18) (Miss.2001). Our scope of review in such a case is limited by the substantial evidence/manifest error rule. Mizell v. Mizell, 708 So.2d 55, 59(¶ 12) (Miss. 1998) (citing Stevison v. Woods, 560 So.2d 176, 180 (Miss.1990)). We will not disturb a chancellor's findings unless manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Id. at 59(¶ 13).

ANALYSIS OF THE ISSUES

I. Whether the chancellor erred by equitably distributing nonmarital property.
¶ 8. Alfred first takes issue with the chancellor's division of property that Alfred argues was separate property and, therefore, not subject to division. In his argument on this issue, Alfred refers to three items that the chancellor divided: the Prassel Street rental property, a Chrysler van, and a 1984 Chevrolet pickup truck. Regarding the Prassel Street property, Alfred claims that the chancellor found it to be separate, yet she awarded Brenna $5,000 as her equitable portion for improvements she made to the property. Regarding the vehicles, Alfred takes issue with the chancellor's decision to award half of the value to each party without classifying them as either marital or separate property.
¶ 9. When equitably distributing marital property, a chancellor should consider the well-known factors established by Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994). Paraphrased, those factors are as follows: (1) contribution to the accumulation of property, (2) prior disposition of or distribution of assets, (3) market and emotional value of assets subject to distribution, (4) the value of nonmarital assets, *886 (5) taxes and other economic consequences of the proposed distribution, (6) the extent to which property division can eliminate the need for alimony, (7) the needs of the parties, and (8) any other equitable factors. Id.
¶ 10. This Court has previously stated: "All monetary awards are ultimately to be considered together. The obligation of a chancellor is not to follow some precise formula as to each individual component of distribution, alimony, and other support, but to provide equitably between the spouses in the final outcome." Welch v. Welch, 755 So.2d 6, 10(¶ 26) (Miss.Ct.App. 1999). Reinforcing this idea is the fact that in its list of suggested considerations, Ferguson instructs chancellors to consider other equitable factors when dividing property. Ferguson, 639 So.2d at 928.
¶ 11. In this case, the chancellor awarded Brenna $5,000 as her share of improvements and labor put into the Prassel Street rental property. Testimony supports that Brenna did make improvements to the property, and the value of the property increased by approximately $30,000 during the course of the marriage. The chancellor found that property was titled solely in Alfred's name but, nevertheless, found that it was proper to make an award to Brenna in recognition of the work she put into the property. We find that such an award was within the chancellor's discretion, and we find no error in the $5,000 award to Brenna.
¶ 12. We also find no error with the chancellor's decision to award one-half of the value of the Chrysler van and the Chevrolet pickup truck to each party. By dividing them as such, the chancellor clearly regarded them as marital property. This is supported by the trial testimony, which revealed that the vehicles were owned and used during the marriage.
¶ 13. We find that the chancellor properly considered whether the parties' property was separate or marital, including the Prassel Street property and the two vehicles owned by the parties during the marriage. As such, this issue is without merit.

II. Whether the chancellor erred in failing to make specific findings of fact and conclusions of law concerning the Ferguson factors.
¶ 14. Next, Alfred claims that the chancellor failed to make proper findings of fact and conclusions of law that are required under Ferguson. Without any such findings, Alfred argues that there was no basis or reasoning to support the property division. Alfred concludes that the case should be remanded so that the chancellor can make the necessary findings of fact to support the judgment.
¶ 15. A chancellor need not consider all of the Ferguson factors. Sproles v. Sproles, 782 So.2d 742, 748(¶ 25) (Miss. 2001); see also Weathersby v. Weathersby, 693 So.2d 1348, 1354 (Miss.1997). The supreme court reasoned that "because the chancellor applied the correct legal criteria and determined which criteria he considered applicable, it simply cannot be said that the chancellor was manifestly wrong, clearly erroneous, or applied the wrong legal standard." Sproles, 782 So.2d at 748-49(¶ 25). Sometimes it is only necessary to address the factors that are relevant to the marital property at issue. Id. at 748(¶ 23).
¶ 16. Alfred cites Johnson v. Johnson, 823 So.2d 1156, 1161(¶ 12) (Miss.2002), in which the supreme court found that the chancellor did not sufficiently support the division of property with findings based on Ferguson. In Johnson, the supreme court noted that the "findings of fact on the record merely go to the classification of the property as marital, it does not instruct *887 this Court as to which factors the trial court found helpful in performing an equitable division of the property." Id. We do not find that to be the case here.
¶ 17. Upon reading the chancellor's bench ruling and the final judgment, it is clear that she did apply the Ferguson factors. Initially, the chancellor identified the property as either marital or separate. She then determined the value of each item and evaluated the contributions that each party made to the accumulation of the assets. The chancellor also took into account the size of the award that the parties would receive and noted any dissipation of the assets by either party. Where appropriate, the chancellor also noted any non-monetary attachment that the parties had to the property. All of these findings relate to the Ferguson factors.
¶ 18. We do not agree with Alfred's assertion that the chancellor failed to consider the Ferguson factors. To the contrary, we find that the chancellor was properly guided by the Ferguson factors in equitably dividing Alfred and Brenna's marital property. The chancellor may not have addressed each factor, but it is clear that she took into account the factors that were applicable in evaluating the property and awarding it to either party. Accordingly, we find that Alfred's arguments are without merit.

III. Whether the chancellor erred in equitably distributing marital property in light of the fact that Alfred was awarded a divorce based on Brenna's cruel and inhuman treatment.
¶ 19. Alfred alleges error with the property division by arguing that the chancellor failed to take into account the fact that he was granted a fault-based divorce as a factor in dividing the property. Alfred argues that the chancellor should have given more weight to Brenna's marital misconduct.
¶ 20. To support his argument, Alfred cites Singley v. Singley, 846 So.2d 1004, 1008-09 (¶ 13) (Miss.2002). In Singley, the supreme court reversed the chancellor's division of property, finding that the chancellor erred by placing minimal weight upon the evidence of the wife's numerous affairs throughout the marriage. Id. at 1008(¶ 12). The supreme court concluded that it was an abuse of discretion to award fifty percent of the marital assets to the wife in light of the overwhelming evidence of her affairs and the strain that they placed on the marriage. Id. at 1008-09(¶ 13).
¶ 21. In the present case, there is not a similar pattern of overwhelming strain placed on the marriage as a result of numerous events throughout the marriage. The chancellor granted Alfred a divorce on the ground of cruel and inhuman treatment, but it was based on a single incident of abuse. Both parties testified concerning abuses they suffered at the hands of their partner and about difficulties they had experienced during their marriage. Brenna also wanted a divorce, and shortly after the stabbing incident, Brenna, unaware of Alfred's claim, filed her own claim for divorce on the grounds of cruel and inhuman treatment and habitual drunkenness.
¶ 22. "We assume for divorce purposes that the contributions and efforts of the marital partners, whether economic, domestic or otherwise are of equal value." Hemsley v. Hemsley, 639 So.2d 909, 915 (Miss.1994). Furthermore, as the supreme court stated in Ferguson, "it must be remembered, the goal of the chancellor in a divorce case is to do equity." Ferguson, 639 So.2d at 934. In the present case, the chancellor considered all of the assets, *888 their value, and the parties' interests in those assets. In doing so, the chancellor awarded one-half of the following marital property to each party: the house, the two cars, the Farm Bureau life insurance policy, and various deposit accounts. Additionally, Brenna received various personal property, two pistols, $5,000 for her work in improving the Prassel Street property, and her interest in the McGregory family trust. The chancellor also ordered Brenna to pay the $3,000 marital debt. Besides the equally divided property, Alfred received the entire value of the Prassel Street property, the pecan farm, the John Hancock life insurance policy, the Legg-Mason account, his individual retirement account, two pistols, various personal property, and a $2,000 credit for a pickup truck that Brenna had sold.
¶ 23. The chancellor also awarded Brenna eight months of temporary support and ordered any payments beyond eight months to be credited to Alfred. According to the temporary order, Alfred was to pay temporary support of $700 by the fifteenth of every month beginning in February 2006. The chancellor entered the final judgment on July 17, 2007; therefore, Alfred should have made eighteen monthly temporary support payments. Because Alfred received credit for any payments beyond eight payments, in addition to the property award, he also should have been credited for ten support payments, totaling $7,000.
¶ 24. Ultimately, we find no error in the chancellor's decision not to place more emphasis on Brenna's single incident of misconduct. Alfred argues that it was error for the chancellor to split the assets equally between the parties; however, the chancellor only divided a few of the items equally. The items that the chancellor divided evenly were all marital assets, and we can find no evidence in the record indicating that the chancellor's division was in error. We do not find the chancellor's judgment to be manifestly wrong, clearly erroneous, or the result of an application of an erroneous legal standard; therefore, this issue is without merit.

IV. The chancellor's award of two pistols to Brenna.
¶ 25. While we find no merit to the issues raised by Alfred, we must address an issue concerning the equitable distribution of property that the parties did not raise. The chancellor awarded Brenna two pistols even though she had pleaded guilty to misdemeanor simple assault for stabbing her husband. Pursuant to 18 U.S.C. § 922(g)(9) (2006), it is unlawful for an individual who has been convicted of a misdemeanor crime of domestic violence to "possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." "`Receipt' is knowingly taking possession." United States v. Solomon, 29 F.3d 961, 964 (5th Cir.1994) (citing United States v. Clark, 741 F.2d 699, 703 (5th Cir.1984)). "Receipt" has also been deemed to include constructive possession, which "exists when a person ... knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." United States v. Lamare, 711 F.2d 3, 5 (1st Cir.1983) (citation omitted).
¶ 26. Under Mississippi Code Annotated section 97-3-7(3), Brenna's conviction of simple assault of her husband qualifies as simple domestic violence. For the purposes of 18 U.S.C. § 922(g)(9), a "misdemeanor crime of domestic violence" includes an offense that is a misdemeanor under State law and requires the element of use or attempted use of force against a spouse. 18 U.S.C. § 921(a)(33) (2006). *889 Because it appears that the statute makes Brenna's possession of a firearm under particular circumstances illegal, the Court remands this case to the chancellor for the narrow purpose of reconsideration of the distribution of the firearms owned by the parties in light of the statute.
¶ 27. THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY IS AFFIRMED IN PART AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS AND BARNES, JJ., CONCUR. CHANDLER, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY ISHEE AND ROBERTS, JJ.
CHANDLER, J., Concurring in Part, Dissenting in Part:
¶ 28. I respectfully concur with the majority's resolution of all the issues except the decision to reverse and remand this case for the chancellor to reconsider the distribution of the firearms. In my opinion, no such reconsideration is required, and this Court should affirm. Simply put, while the federal statute made it illegal for Brenna to possess the two pistols, it was within the chancellor's discretion to award Brenna the ownership of the pistols in the property division.
¶ 29. Alfred and Brenna were before the court to obtain a judicial division of their property as a part of their divorce decree. Under Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994), a chancellor conducting a property division should classify the assets as either marital or separate, value the assets, divide the marital property equitably, and award alimony if necessary. Johnson v. Johnson, 650 So.2d 1281, 1287 (Miss.1994). As the majority finds, the chancellor properly performed each step of this process. The chancellor classified the pistols as the Smiths' marital property. In conducting the equitable division of the marital property, the chancellor appropriately evaluated the Ferguson factors, including: (1) contribution to the accumulation of property, (2) prior disposition of or distribution of assets, (3) market and emotional value of assets subject to distribution, (4) the value of nonmarital assets, (5) taxes and other economic consequences of the proposed distribution, (6) the extent to which property division could eliminate the need for alimony, (7) the needs of the parties for financial security, and (8) any other equitable factors. See Ferguson, 639 So.2d at 928.
¶ 30. A chancellor has substantial discretion in performing an equitable distribution, and this Court must affirm the chancellor's equitable distribution unless that substantial discretion has been abused. Burcham v. Burcham, 869 So.2d 1058, 1062(¶ 14) (Miss.Ct.App.2004). Here, the chancellor carefully followed the law governing equitable distribution; there is no indication that the chancellor misapplied any of the Ferguson factors. We have found that the chancellor's division of the marital property was equitable and fair. I cannot find that it exceeded the chancellor's substantial discretion to declare Brenna to be the owner of the two pistols. Therefore, I would affirm.
ISHEE AND ROBERTS, JJ., JOIN THIS SEPARATE OPINION.