CARLTON, J„ for the Court.
 

 ¶ 1. Marla and Douglas Mercier divorced. The chancellor awarded Marla and Douglas joint legal custody of their three children and awarded Douglas physical custody of the children. Douglas later filed a petition to find Marla in contempt for violating terms of the divorce decree and sought a change in the visitation schedule, among other requests. Marla filed an answer and counterclaim alleging that there had been a material change in circumstances and requested that she now be granted physical custody of the couple’s two youngest children. At the hearing, the chancellor refused Marla’s request to change physical custody, found Marla in contempt and required that she pay the full amount due on a leased Mercedes, changed the visitation schedule, and required that she begin paying child support.
 

 ¶ 2. Marla appeals and alleges that the chancellor erred in (1) refusing to modify physical custody, (2) modifying the visitation schedule, (3) requiring her to pay child support, and (4) finding her in contempt for failing to pay her portion of the Mercedes lease. Finding no error, we affirm.
 

 FACTS
 

 ¶ 3. Marla and Douglas divorced on December 20, 2006, in Tate County Chancery
 
 *1285
 
 Court. Later, Douglas married Linda Biel, and Marla married Matt Stewart. During Marla and Douglas’s marriage, they had three children: Davis, Jackson, and Lily. In the original divorce decree, the chancellor granted Marla and Douglas joint legal custody of the three children and granted Douglas physical custody. The chancellor set a visitation schedule and did not require that either party pay child support. The chancellor did require that the couple pay equal shares of all penalties owed on their Mercedes.
 

 ¶ 4. On May 4, 2007, Douglas filed a petition to cite Marla for contempt. In his petition, Douglas also asked the chancellor to modify the current visitation schedule. Marla responded with her answer and a counterclaim. A hearing was held on November 30, 2007. After the hearing, the chancellor found that:
 

 1. Marla failed to prove by a preponderance of the evidence that a substantial change in circumstances in Douglas’s home environment had occurred and warranted, a change in physical custody. Therefore, the chancellor ruled that Douglas should retain physical custody of all three children.
 

 2. The children’s visitation schedule was not conducive to the children’s best interests and was modified to better suit their routine.
 

 3. The chancellor ordered Marla to pay child support because she planned to remarry, gain employment, and would soon be able to pay child support for her three children, pursuant to the guidelines provided in Mississippi Code Annotated section 43-19-101 (Rev.2004).
 

 4.Marla violated the court’s original order requiring her to pay a certain amount on the couple’s leased Mercedes. The chancellor found that Marla’s contempt was not willful, but he ordered her to pay all remaining amounts owed on the vehicle.
 

 Marla now appeals.
 

 STANDARD OF REVIEW
 

 ¶ 5. We grant the chancellor wide discretion in our review of a domestic relations case.
 
 Steiner v. Steiner,
 
 788 So.2d 771, 777(¶ 18) (Miss.2001). Generally, a chancellor’s decision in a domestic case will not be reversed unless it is manifestly wrong, clearly erroneous, or the proper legal standard was not applied.
 
 Smith v. Smith,
 
 994 So.2d 882, 885(¶ 7) (Miss.Ct.App.2008).
 

 DISCUSSION
 

 I. CUSTODY MODIFICATION
 

 ¶ 6. The chancellor awarded Marla and Douglas joint legal custody of their three children and awarded Douglas physical custody of the children.
 
 See
 
 Miss.Code Ann. § 93-5-24(1)(c) (Rev.2004) (stating that one of the types of joint custody awarded can be “[l]egal custody to both parents ... and physical custody to either parent”).
 
 [1]
 
 In this case, only Marla seeks a change in physical custody of the couple’s two youngest children.
 

 ¶ 7. Pursuant to Mississippi Code Annotated section 93-5-24(6) (Rev.2004), “[a]ny order for joint custody may be modified or terminated upon the petition of both parents or upon the petition of one ... parent showing that a material change
 
 *1286
 
 in circumstances has occurred.” The party who petitions for modification of child custody bears the burden of proof by a preponderance of the evidence.
 
 Jones v. Jones,
 
 878 So.2d 1061, 1065(¶ 10) (Miss.Ct.App.2004) (citation omitted). Again, here, only Marla petitioned for a change in physical custody.
 

 ¶ 8. Therefore, this case does not present a situation where both parents are petitioning the court to modify joint physical custody. Consequentially, as the sole parent petitioning for a change in physical custody, Marla bore the burden set forth in section 93-5-24(6) to show that a material change in circumstances occurred in the custodial home.
 

 ¶ 9. Precedent establishes a three-part test to guide courts in determining whether a sole parent petitioning for a change in physical custody has met the burden in proving that a material change of cii'cumstances occurred.
 
 Bubac v. Boston,
 
 600 So.2d 951, 955 (Miss.1992). The three-step test states that in order to prevail on a motion for child custody modification, the non-custodial parent must prove that: (1) a material change in circumstances has occurred; (2) the change adversely affects the child; and (3) the child’s best interest mandates a change in custody.
 
 Id.
 
 (citations omitted);
 
 see also Mabus v. Mabus,
 
 847 So.2d 815, 818(8) (Miss.2003) (applying the
 
 Bubac
 
 three-step test).
 

 ¶ 10. In an effort to prove that a material change in circumstances had occurred, Marla testified that her personal situation had changed for the better to the extent that the best interests of her children would be served by placing them with her rather than allowing them to stay in their father’s physical custody. The Mississippi Supreme Court has stated that a change in circumstances in the home of the parent who does not have physical custody is not sufficient to authorize modification.
 
 Riley v. Doerner,
 
 677 So.2d 740, 743 (Miss.1996). Therefore, pursuant to
 
 Riley,
 
 we find that Marla’s argument that her situation had improved such that she should be awarded physical custody is irrelevant to the issue at hand.
 
 See id.
 

 ¶ 11. Additionally, Marla alleged at the hearing that the children’s current home environment with Douglas had materially changed and had adversely affected the children. Specifically, Marla attempted to prove this through assertions that Douglas and Linda regularly consumed alcohol and used profanity in front of the children. While not condoning this behavior, the chancellor found Marla’s evidence fell short of meeting the burden required by law to modify Douglas’s physical custody of the children. In sum, the chancellor found the children’s home environment with Douglas reflected a positive environment-as shown by the children’s exceptional grades and active involvement in school, church, and sports activities.
 

 ¶ 12. Accordingly, the chancellor found that Marla failed to show by a preponderance of the evidence that a material change in circumstances had occurred in Douglas’s home environment which warranted a change in physical custody.
 
 See
 
 Miss.Code Ann. § 93-5-24(6). From the record before us, we find no error in the chancellor’s decision to deny Marla’s request for a change in physical custody.
 

 II. MODIFICATION OF THE CHILD VISITATION SCHEDULE
 

 ¶ 13. Douglas requested that the chancellor modify the original visitation schedule because of the disruptive impact upon the children’s normal routine when the children traveled from their primary home with Douglas in Senatobia,
 
 *1287
 
 Mississippi to their mother’s new home in New Albany, Mississippi. The party seeking to modify a visitation order must show that the existing arrangement is not working and that a modification of the decree serves the children’s best interests.
 
 Cox v. Moulds,
 
 490 So.2d 866, 869 (Miss.1986).
 

 ¶ 14. Douglas bore the burden to show that the visitation schedule so disrupted the children’s routine that their best interests would be served by its modification.
 
 See id.
 
 Douglas testified that his children’s lives had always been centered in their hometown of Senatobia and that spending three weekends a month away from their hometown disrupted their normal schedule. The chancellor agreed and modified the visitation schedule. We find no error in the chancellor’s decision on this issue.
 

 III. CHILD SUPPORT MODIFICATION
 

 ¶ 15. There is a statutory rebut-table presumption that a non-custodial parent will pay child support to his or her children.
 
 Lacey v. Lacey,
 
 822 So.2d 1132, 1140(¶ 36) (Miss.Ct.App.2002) (finding that child support award was properly modified by the chancellor when the non-custodial parent became employed and could provide her children with financial support). According to the guidelines in Mississippi Code Annotated section 43-19-101(1) (Rev.2004), a rebuttable presumption exists that a non-custodial parent of three children, like Marla, should pay twenty-two percent of her adjusted gross income in child support.
 

 ¶ 16. Prior to the divorce, Marla contributed to the household as a homemaker for fifteen years. Thus, at the time of the divorce decree, the chancellor found that Marla could not pay child support; accordingly, the chancellor required neither Marla nor Douglas to pay child support. However, in later proceedings, testimony revealed that Marla had gained employment. Therefore, when Marla’s employment stabilized, the chancellor required Marla, in accordance with section 43-19-101(1), to pay twenty-two percent of her adjusted gross income in child support for her three children. We find no merit to this issue.
 

 IV. LEASE PAYMENTS ON THE COUPLE’S MERCEDES
 

 ¶ 17. In the divorce decree, both parties acknowledged that they would return the leased Mercedes to the dealership with both parties equally responsible for any payments due and owing. However, Marla failed to pay her portion of the payments owed. State courts are empowered to punish any person guilty of civil contempt by fine and imprisonment pursuant to Mississippi Code Annotated section 9-1-17 (Rev.2002). Marla’s failure to pay her portion of the penalties constituted a direct violation of the court’s order, and although the chancellor found no willful violation, he did find her in contempt of court. As a result, he ordered Marla to pay immediately her portion of the payment owed on the Mercedes.
 
 See McIntosh v. Dep’t of Human Servs.,
 
 886 So.2d 721, 725(¶11) (Miss.2004). This issue is without merit.
 

 ¶ 18. THE JUDGMENT OF THE TATE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ, CONCUR.
 

 [1]
 

 .
 
 See
 
 Miss.Code Ann. § 93-5-24(5)(e) (Rev. 2004) (stating that "[a]n award of joint legal custody obligates the parties ... to confer with one another in the exercise of decision-making rights, responsibilities and authority”); Miss.Code Ann. § 93-5-24(5)(b) (Rev. 2004) (stating that " ‘physical custody’ means those periods of time in which a child resides with or is under the care and supervision of one ... of the parents”).